Marby R. **PENTON**, Plaintiff,

v.

Hubert H. **HUMPHREY** et al.,
Defendants.

Civ. A. No. 3283.

United States District Court
S. D. Mississippi, S. D.

Jan. 27, 1967.

Louis Fondren, Moss Point, Miss., for plaintiff.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., for defendant.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

## OPINION

DAN M. RUSSELL, District Judge.

The plaintiff, an adult citizen and qualified voter of Jackson County, Mississippi, filed this action against the United States of America, Hubert H. Humphrey as President of the U. S. Senate, and the presidential and vice-presidential electors who will be appointed in each state in November 1968, seeking, essentially, to enjoin the appointment of presidential electors in any state by any method which is not designed to reflect the will of the people of the state as evidenced by its popular vote.

Jurisdiction is claimed under and by virtue of 28 U.S.C.A., Section 1343(3).

The cause was presented to a three-judge court composed of Judges James P. Coleman, William Harold Cox and Dan M. Russell, Jr., designated for that purpose, on the complaint, defendants' motion to dismiss the complaint, plain-

tiff's motion to dismiss the defendants' motion, on briefs and on oral argument.

The complaint alleges that by virtue of Article II, Section 1 of the United States Constitution, each state is required and entitled to appoint electors who in turn elect the President and Vice-President of the United States; that through the years the laws of each state provide for popular election of presidential electors, allowing each voter to vote for all of its electors on a general ticket, with the result that all of a state's electoral votes are cast as a unit for the presidential and vice presidential candidates who win a plurality of its popular votes; and that this "unit" system, solely the result of state laws and not required by the Constitution, operates to deny and abridge fundamental voting rights in violation of the due process and equal protection provisions of the Fifth and Fourteenth Amendments, and in violation of rights reserved to citizens under the Ninth and Tenth Amendments. The complaint further alleges that 3 U.S.C.A., Section 6, which provides for the certification of the names of electors, violates the Twelfth Amendment which provides for the transmission of the electoral votes to the seat of the government of the United States and the manner by which the votes shall be counted.

The relief sought is a declaration of the rights of the parties, a declaration that 3 U.S.C.A., Section 6, is unconstitutional as violative of the Twelfth Amendment, and, as indicated in the first paragraph hereof, a mandatory injunction requiring future presidential electors to cast their votes according to the percentage of popular votes, and requiring the President of the Senate to record the electoral votes, or fraction thereof, based upon the actual popular vote of each state, instead of on the unit vote, which in effect wipes out any significances of the minority popular vote.

The motion to dismiss, filed on behalf of defendants, Hubert H. Humphrey and the United States of America, is on the grounds that (1) the complaint fails to state a claim upon which relief can be granted, (2) the plaintiff lacks standing to sue, and (3) the Court lacks jurisdiction over the person of defendant, Hubert H. Humphrey, the service of process being insufficient, and the venue being improper.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

All grounds in the motion to dismiss have merit. Mr. Humphrey was not served within the territorial limits of the State of Mississippi, nor is he a resident of the State of Mississippi; accordingly the Court finds that it has no jurisdiction over his person, and the venue as to him is improper. See Rule 4(f), Federal Rules of Civil Procedure. Plaintiff has obviously made no attempt to secure process on the 1968 electors not yet appointed, nor has he named as defendants any of the states of the union whose unit system legislation he seeks to annul.

As to whether the complaint states a claim upon which relief can be granted, this Court recognizes that its jurisdiction with respect to evaluating individual voting rights has been increasingly broadened under the holdings of such cases as Baker v. Carr, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663; Gray v. Sanders, 372 U.S. 368, 83 S.Ct. 801, 9 L.Ed.2d 821; and Reynolds v. Sims, 377 U.S. 533, 84 S.Ct. 1362, 12 L.Ed.2d 506, and that the one person, one vote doctrine has been applied to an increasing number of voter processes. The language of the Court in Gray v. Sanders, supra, 372 U.S. page 380, 83 S.Ct. page 808, indicates, however, that the alleged inequities of the electoral college are an exception to the application of this doctrine. There the Court said: "The only weighting of votes sanctioned by the Constitution concerns matters of representation, such as the allocation of Senators irrespective of population and the use of the electoral college in the choice of a President."

More conclusive is the treatment of a recent case before the Supreme

Court, viz., State of Delaware v. State of New York et al., 385 U.S. 895, 87 S.Ct. 198, 17 L.Ed.2d 129. In that case, the State of Delaware filed a motion in the Supreme Court of the United States for leave to file a complaint, naming all other states and the District of Columbia as defendants. Original jurisdiction of the Court was asserted under 28 U.S.C.A., Section 1251, it being claimed that the action involved a controversy between two or more states. On October 17, 1966 the Supreme Court summarily denied the motion for leave to file the complaint. A verbatim copy of the complaint in the Delaware case was attached to defendants' motion to dismiss herein. An examination of it reveals that with the exception of the difference in the parties, and the relief sought with respect to 3 U.S.C.A., Section 6,[1] the allegations in the instant complaint are identical to those of the Delaware complaint.

Plaintiff, in his motion to dismiss defendants' motion to dismiss, contends that the order of the Supreme Court in the Delaware case was based on the question of the original jurisdiction of that Court rather than on a consideration of the merits of the complaint. We cannot agree. Had the Supreme Court found a genuine controversy between states, it clearly had original jurisdiction by virtue of 28 U.S.C.A., Section 1251. That it heard and considered all the allegations of the complaint, containing the identical allegations in the complaint before us of denials of rights under the specified amendments to the Constitution, is borne out by the fact that plaintiff in his brief cites lengthy portions of the plaintiff's argument and authorities used in the Delaware case.

It is the conclusion of the Court that we are bound by the dismissal of the Delaware case and that hence defend-

ants' motion to dismiss the complaint herein must be sustained, with costs assessed to the plaintiff.

Let the defendants prepare an appropriate order of dismissal.

---

1. We find no merit in plaintiff's contention that 3 U.S.C.A., Section 6, conflicts with the Twelfth Amendment. The former refers to the certification of the identity of the electors, the latter to the transmittal to the seat of government of the results of the electoral vote.