WILLIAMS, Judge.
This is an appeal from a decision by the trial court holding that plaintiff’s action against the Louisiana State Racing Commission [“Commission”] is moot.
Merlin Marechal is an owner-trainer of horses in Louisiana. On June 1, 1983, one of Marechal’s horses, “Tuff Casey,” placed first in a race at Jefferson Downs. A sample of urine taken from “Tuff Casey” after the race, as required by the Rules of the Racing Commission, was found to have contained the drug benzocaine. Marechal was suspended on July 4, 1983 and there *735 fore unable to go to any race track. The Steward’s Ruling also disqualified the horse from the race and redistributed the purse.
Marechal was granted a suspensive appeal from the Steward’s Ruling to the Commission. After a hearing, the Commission suspended Marechal’s license for sixty (60) days beginning on August 2, 1983. On August 1, 1983, Marechal filed a petition for injunction and a temporary restraining order enjoining this decision. The- trial court granted the temporary restraining order on August 1, and the matter was set for hearing on the permanent injunction at a later date. On December 8, 1983, after several delays, the case was submitted to the district court. The district court held that the matter was moot: the temporary restraining order expired ten (10) days after it had been entered, i.e. August 10, 1983, and more than the sixty (60) days of Marechal’s suspension had elapsed. It is from this ruling that the State Racing Commission now appeals.
On appeal, the issue is whether the ruling by the State Racing Commission is moot. Marechal, the appellee, presented three other issues on answer to appeal, all dealing with constitutionality and with statutory construction. We do not reach these three other issues because we find the trial court correctly dismissed the action.
The Commission asserts that there is a non-written agreement between counsel for the Commission and counsel for appellee, who is also counsel for the Horsemen’s Benevolent Protective Association, that the Commission will not enforce a ruling if a temporary restraining order is issued as interim relief during an appeal to the district court, until that court has heard the matter. There is no evidence of this unwritten agreement in the record; it is simply asserted only in brief.
Because we are a court of record, we can only consider the information contained in the record before us. We cannot rely on assertions. We, therefore, are forced to conclude that defendant’s suspension went into effect at the expiration of the temporary restraining order and continued until sixty (60) days had elapsed. Any further action in the case after that date was moot.
For the foregoing reasons, the decision of the trial court is AFFIRMED, all costs to appellant.
AFFIRMED.