476 So.2d 823 (1985)
Eldridge HEBERT, Jr.
v.
LOUISIANA STATE RACING COMMISSION.
No. CA 2785.
Court of Appeal of Louisiana, Fourth Circuit.
August 28, 1985.
Rehearing Denied October 30, 1985.
*824 Salvador Anzelmo, Thomas W. Milliner, New Orleans, for Edlridge Hebert, Jr.
William J. Guste, Jr., Atty. Gen., Robert A. Barnett, Staff Atty., John E. Jackson, Jr., Asst. Atty. Gen., New Orleans, for Louisiana State Racing Comm.
Before REDMANN, C.J., and SCHOTT and GARRISON, JJ.
REDMANN, Chief Judge.
The Louisiana State Racing Commission appeals from a judgment that permanently enjoined its suspension of Eldridge Hebert, Jr.'s license as an owner-trainer of thoroughbred horses and that annulled the commission's ruling disqualifying Hebert's horse Better Together and redistributing a purse it won.
After Better Together placed first in a race at Jefferson Downs, a urine sample taken under commission Rule 53.37 was found positive for procaine by the state chemist. The split sample sent to an independent testing laboratory in Denver at Hebert's request suffered the same accidental spoilage as reported in Owens v. Louisiana State Racing Comm., 466 So.2d 764 (La.App. 4 Cir.1985), to which this case is substantially identical. The independent laboratory reported that the sample, left unfrozen, was found to be slightly alkaline, and "procaine is known to undergo decomposition in alkaline solution and this may account for our failure to confirm the presence of procaine in our portion of" the urine. That testing laboratory did later receive part of the state chemist's sample and agreed that it contained procaine.
The racetrack stewards imposed the penalty at issue, and the commission affirmed it, making the 30-day suspension effective August 2,1983. On August 1,1983 Hebert obtained a temporary restraining order. A hearing for a preliminary injunction was set for August 12, 1983 but continued until January 24, 1984, when the district court granted Hebert the relief from which the commission now appeals.
The issues include mootness and whether evidence of a particular drug's nature and effect must be introduced before the commission to enable them to rule that it is a prohibited drug. Other issues are discussed in an appendix not designated for publication.
Hebert argues mootness on the ground that the commission's order suspending his license took effect at the expiration of the temporary restraining order and more than thirty days have passed between then and the injunction. See Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968), and Marechal v. Louisiana State Racing Commission, 459 So.2d 734, 735 (La.App. 4 Cir.1984).
We reject that argument. In order to make this appeal moot, Hebert would have to concede that his horse was correctly disqualified and his purse correctly redistributed (and that the judgment appealed from should to that extent be reversed). Whether or not the suspension period has passed, those issues remain in contention and this appeal is not moot.
*825 Hebert also contends that, in order to find the presence of procaine a violation of the rules of racing, the commission had to have evidence such as testimony from a pharmacologist or other expert that procaine is a substance which could have produced analgesia in, stimulated, or depressed the horse.
Hebert's only complaint is that scientific experts did not in his case tell the commission what it already knew. Hebert does not argue that in fact procaine does not produce analgesia in, stimulate or depress horses. We respond that under R.S. 49:956(3), the commission's "experience, technical competence, and specialized knowledge may be utilized in the evaluation of the evidence." The commission does not have to have scientific experts testify that a particular substance found is an equine stimulant, depressant or analgesic in every appeal when a stimulant, depressant or analgesic is found in a horse's bodily fluid. Doubtless the commission does not know every such drug, but equally doubtless the commission does know many such drugs. Procaine is not a new or unheard of substance. The commission has ruled in previous cases that procaine is a prohibited medication. The commission's findings are correct within the rules of racing and were made in compliance with the Administrative Procedure Act.
Reversed; dismissed at plaintiff's cost.
PER CURIAM.
Plaintiff's application for rehearing insists that our decision conflicts with Marechal v. Louisiana State Racing Commission, 459 So.2d 734, 735 (La.App. 4 Cir. 1984). We disagree.
In Marechal, as here, the track stewards and the commission had suspended the owner-trainer and disqualified his winning horse and ordered the purse redistributed. The trainer-owner sued to enjoin the commission's order, and the trial court dismissed the trainer-owner's injunction suit. Thus the commission's entire ordersuspension, disqualification and purse-redistribution remained in full force.[1] But the trainer-owner did not appeal. Only the commission appealed, and therefore the disqualification and purse-redistribution questions cannot have been before the court of appeal.[2]
Here, on the other hand, injunction was not refused but granted. Here the loser in the trial courtthe commissiondid appeal. Its appeal seeks reversal of the trial court's judgment. Whatever the merits of the mootness theory of the trial judge in Marechal, endorsed at least obiter by this court in that appeal, it does not control here.
Rehearing is refused.
GARRISON, J., dissents from the refusal of rehearing.
NOTES
[1] Though the suspension was apparently thought by the trial judge to have been "served" while its period passed with no restraining order in force, the trial judge did not grant any injunction against the commission's enforcing the suspension; he merely dismissed the trainer-owner's suit.
[2] The commission's appeal was apparently the result of a belief that, though it had won the case against it by judgment dismissing a demand to enjoin it, the trial court's reasons for judgment were unacceptable. Perhaps we should have dismissed the appeal on that ground, but in fact we "affirmed," leaving the commission's order intact.