YARRUT, Justice.
 

 This is an appeal by the defendants, Louisiana State Racing Commission and others, under Article 7, Section 10(2), of the Constitution of Louisiana, from a judgment of the district court granting to the plainiff, Frank Behler, a preliminary injunción restraining the Commission and the other defendants from enforcing an order of the Commission.
 

 The pertinent facts are these: On February 25, 1967, “Judge A. W.” a horse trained by the plaintiff, won the third race at the New Orleans Fair Grounds Race Track. A routine chemical analysis was made of a urine sample from “Judge A. W.” after the race, and the analysis as reported by the official state chemist showed evidence of a drug, polyethylene glycol.
 

 After due notice and a hearing before the Racing Stewards Behler’s license as a trainer was suspended for violation of Rule
 
 *962
 
 6(r) and (s) of the Louisiana State Racing Commission’s Rules of Racing, as reflected by Stewards’ Ruling No. 88, dated March 4, 1967.
 

 Rule 6(r) and (s) read as follows:
 

 “(r) The trainer shall be responsible for and be the absolute insurer of the condition of the horses he enters regardless of acts of third parties. Trainers are presumed to know the rules of the Commission.
 

 “(s) Should the chemical analysis of any sample of the blood, saliva or other excretions of body fluids of any horse so analyzed contain any narcotic, stimulant, depressant, local anesthetic, or drug of any description, the trainer of the horse shall be suspended not less than sixty (60) days or ruled off and in addition the stable foreman, groom, and any other person shown- to have had the care or attendance of the horse may be suspended or ruled off. The owner or owners of a horse so found to have received such administration shall be denied, or shall promptly return, any portion of the purse or, sweepstakes and any trophy in such case, and the same shall be distributed as in the case of a disqualification.”
 

 The ruling of the Stewards was appealed by plaintiff to the Louisiana State Racing Commission. After hearing the appeal on March 16, 1967, the Commission affirmed the ruling of the Stewards and imposed a 150-day suspension. The plaintiff then filed the instant suit in the district court.
 

 On the trial on the merits in the district court plaintiff urged that Rule 6(r) and (s) as applied violated the constitutional requirement of due process of law by decreeing a mandatory penalty without a hearing. The district court so held and granted an injunction restraining the Louisiana State Racing Commission and others from enforcing Ruling No. 88 of the Stewards and the Commission’s order suspending plaintiff’s license for the 150-day period from March 4, 1967, through August 1, 1967. Defendants were also ordered to do whatever was necessary to restore plaintiff to good standing at all race tracks throughout the United States.
 

 While no motions were filed contending that this case is now moot, this court has the right to consider this possibility ex proprio motu. C.C.P. Art. 2164. As the appeal was devolutive, there was no suspension of the judgment. The injunction granted in the judgment was for a period of 150 days, specifically- from March 4 through August 1, 1967. It is evident that the injunctive period, which ended August 1, 1967, has long since elapsed, and this appeal is thus moot.
 
 *
 

 The decree of the judgment of the lower court which ordered the Louisiana State
 
 *964
 
 Racing Commission to restore the plaintiff’s good standing with the race tracks throughout the United States continues automatically with the release of his suspension.
 

 Since the time for which the injunction was granted has elapsed, no judgment which we might render on the merits can be made effective. We do not give opinions on moot questions or abstract propositions from which no practical result can follow. Freret Civic Ass’n v. Orleans Parish School Board, 223 La. 407, 65 So.2d 893, 1953; Navarre v. Lafayette Parish School Board, 226 La. 876, 77 So.2d 520, 1955; Spinato v. Lowe, 239 La. 604, 119 So.2d 480, 1960; Heard v. Seegers (La.App. 2nd Cir.), 186 So.2d 170, 1966. We must therefore dismiss the appeal.
 

 Accordingly, the appeal is dismissed.
 

 *
 

 Moreover, the license which was suspended was’issued in'accordance with B..S. 4:149 and was operative only for the 1966-1967 racing season, which has ended.