335 So.2d 711 (1976)
Dorothy CAIN et al., Plaintiffs-Appellants,
v.
BOARD OF SUPERVISORS OF ELECTIONS, OUACHITA PARISH, Louisiana, et al., Defendants-Appellees.
No. 12951.
Court of Appeal of Louisiana, Second Circuit.
July 7, 1976.
Rehearing Denied August 3, 1976.
Bruscato & Loomis by Anthony J. Bruscato; Robert P. McLeod, Monroe, for plaintiffs-appellants.
Pipes & Pipes by Richard H. Pipes, Monore, for The Municipal Democratic Executive Committee of Ouachita Parish, Louisiana, defendant-appellee.
J. Carl Parkerson, Dist. Atty., Monroe, Attorney for Board of Supervisors of Elections.
Before BOLIN, MARVIN, and JONES, JJ.
En Banc. Rehearing Denied August 3, 1976.
*712 JONES, Judge.
Plaintiffs Dorothy Cain, Rev. W. Williams, Rev. Joseph Montgomery and Jacob E. Charleston, all of whom are domiciled in Ouachita Parish, sued the Board of Supervisors of Elections of Ouachita Parish (hereafter Board of Elections), the Municipal Democratic Executive Committee (hereafter, The Committee) and Wade O. Martin, Jr.
The plaintiffs are all qualified electors of the Town of Richwood, Louisiana, as created by proclamation of the acting Governor of Louisiana, issued March 18, 1975 pursuant to LSA-R.S. 33:52. Pursuant to LSA-R.S. 33:54 the governor also appointed officers of the newly created municipality to serve until the next general municipal election. On April 17, 1975 suit was filed by certain interested parties, other than plaintiffs in the instant case, seeking to have the proclamation declared null and void. At the time of the instant suit for injunctive relief, no final judgment had been rendered in the suit to have the proclamation declared null and void.
The Ouachita Parish Democratic Executive Committee passed a resolution appointing members of a Municipal Democratic Executive Committee of the Town of Richwood. The Municipal Committee then issued its election call and received qualifying papers for municipal officers to be elected April 3, 1976.
On February 10, 1976, this action was instituted by plaintiffs. Although the petition is captioned Petition for Injunctive and other Relief, examination reveals that plaintiffs are seeking an injunction prohibiting the Board of Elections, the Committee, and the Secretary of State from proceeding with, in any way, the certification of candidates or taking any such other action in furtherance of the conduct of the April 3, 1976 primary election insofar as the Town of Richwood, Louisiana, is involved.. . .
A temporary restraining order was issued by the district court on February 9, 1976. That order was extended at the hearing on the rule for preliminary injunction heard on February 19, 1976. Another extension for 10 days, subject to further action of the trial court, was granted effective February 29, 1976. On March 3, 1976, the temporary restraining order was recalled and annulled and the preliminary injunction was denied. Judgment was signed to that effect on March 31, 1976. Plaintiffs appealed devolutively.
Plaintiffs assign one alleged error. That is, the trial court erred in holding that municipal elections can be held for a township created by a proclamation when there is presently pending a civil suit contesting the proposed incorporation.
While no motions were filed contending that this case is now moot, this court has the right to consider this possibility ex proprio motu. C.C.P. art. 2164; Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968); Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App., 1st Cir. 1976). Moot questions will not be considered on appeal. Behler, supra; Mitchell v. Bertolla, 328 So.2d 380 (La.App.2d Cir. 1976 (cert. granted June 4, 1976); State ex rel. Guste v. Louisiana Milk Commission, 297 So.2d 750 (La.App., 1st Cir. 1974).
Counsel admitted at oral argument of this case that the April 3, 1976 election at which this action is directed, did in fact take place. Appellant contends that the matter of the injunction has not become moot because there are further activities arising out of the April 3, 1976 voting which will occur in the future. We find that, while that may be true, the instant matter has indeed become moot.
Plaintiffs' petition sought to prohibit certain individuals from proceeding with, in any way, the certification of candidates or *713 taking any such other action in furtherance of the conduct of the April 3, 1976, primary election. . . . (Emphasis supplied).
All the allegations of plaintiffs' petition with respect to the injuries that would be incurred by them or other interested parties, i.e., the basis for the injunction, were said to result from the conduct of the April 3, 1976 primary election. The record is devoid of any evidence that subsequent activities will even occur, much less that those activities will injure plaintiffs. This matter has, therefore, become moot. We must dismiss the appeal.
Accordingly, the appeal is dismissed.