338 So.2d 789 (1976)
Preston N. AUCOIN and Gilbert Wayne Aucoin, Plaintiffs-Appellees,
v.
EVANGELINE PARISH POLICE JURY, Defendant-Appellant.
No. 5621.
Court of Appeal of Louisiana, Third Circuit.
October 21, 1976.
*790 A. Bruce Rozas, Mamou, for defendant-appellant.
Preston N. Aucoin, pro se.
Before CULPEPPER, DOMENGEAUX and GUIDRY, JJ.
DOMENGEAUX, Judge.
Plaintiffs-Appellees, Preston N. Aucoin and Gilbert Wayne Aucoin, two Evangeline Parish attorneys, petitioned for a Writ of Mandamus compelling defendant-appellant, the Evangeline Parish Police Jury, to implement the provisions of LSA-R.S. 15:145 (Act 820 of 1975). From an adverse judgment the police jury has appealed. We dismiss the appeal.
Act 820 of the 1975 Regular Session of the Louisiana Legislature created the offices of public defender for the 11th and 13th Judicial Districts. The Act called for compensation and funding for the offices to be paid for by the police juries in each of the respective parishes. The Evangeline Parish Police Jury failed to comply with Act 820 of 1975, and plaintiffs instituted this action.
Subsequent to the passage of Act 820 of 1975, a comprehensive, statewide indigent defender system has been established for the state of Louisiana.[1] This legislation is to be found in Act No. 653 of the 1976 Regular Session of the Louisiana Legislature. Section 5 of the new Act provides, in pertinent part:
". . . provided that the indigent defender program for the 13th Judicial District as provided in Act 820 of the 1975 Regular Session is repealed if this legislation is enacted into law."
Act 653 of the 1976 Regular Session was signed by the Governor and became effective October 1, 1976. LSA-Const.1974, Art. 3, Section 19.
Obviously the issues raised by this appeal are no longer viable. Although neither party to this appeal has raised the issue of mootness, a reviewing court has the right to consider, ex proprio motu, the possibility thereof. See Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968); Cain v. Board of Supervisors of Elections, Ouachita Parish, 335 So.2d 711 (La.App. 2nd Cir. 1976); Major v. Louisiana Department of Highways, 327 So.2d 515 (La.App. 1st Cir. 1976).
Moot questions will not be considered on appeal. Behler v. Louisiana State Racing Commission, supra; Cain v. Board of Supervisors of Elections, Ouachita Parish, supra; Major v. Louisiana Department of Highways, supra; State, ex rel. Guste v. Louisiana Milk Commission, 297 So.2d 750 (La.App. 1st Cir. 1974).
*791 Therefore, since the matter before us has become moot, we must dismiss the appeal.
For the above and foregoing reasons the appeal is dismissed. Costs of this appeal are assessed against defendant-appellant, Evangeline Parish Police Jury, insofar as allowed by law.
APPEAL DISMISSED.
NOTES
[1] The trial judge anticipated the adoption of the new statewide indigent defender program and conditioned the operation of the judgment herein upon the possibility that the proposed legislation would not be enacted.