GUIDRY, Judge.
Plaintiff, Melba Casey Bushnell, appeals devolutively from an order of the trial court modifying a preliminary injunction which had been ordered to preserve community property in connection with her suit for separation a mensa et thoro from her husband, Roderick Dewitt Bushnell, Sr. The modification allowed plaintiff’s husband to pay from a community business’ checking account premiums allegedly due and owing to a foreign insurance company, for whom the husband is the general agent.
On December 27, 1978, Mrs. Bushnell petitioned for separation from bed and board against her husband of forty-eight years. Incidental to that petition, plaintiff caused a temporary restraining order to be issued enjoining defendant from disposing or encumbering assets owned by the community of acquets and gains. Subsequently, a ten day extension of the temporary restraining order was signed on January 2,1979. After a hearing on January 8, 1979, a preliminary injunction issued enjoining defendant from disposing or encumbering community assets.
One of the many community assets to which the injunction applied was the R.D. Bushnell Agency checking account at the First National Bank in Pineville, Louisiana. Defendant is an insurance agent and utilized the account at First National Bank in the course of his business. After being served with the temporary restraining order on December 28, 1978, First National Bank refused payment of a check issued by defendant on December 26, 1978, for $820,-000 payable to the Rockwood Insurance Company, a foreign insurer, hereafter “Rockwood”, from the R.D. Bushnell Agency checking account. Defendant, doing business as R.D. Bushnell Agency, is the general agent for Rockwood in servicing an insurance contract between Rockwood and the State of Louisiana. The check allegedly represented premiums paid by the State of Louisiana being forwarded to Rockwood by defendant, as agent for Rockwood. Plaintiff alleged that the check was a duplicate of an earlier payment and was an attempt by the defendant to place community funds beyond the jurisdiction and protection of the Louisiana Courts. At the hearing on January 8, 1979, the trial court ruled that due to the lack of evidence presented by the defendant, the check would remain under the protective umbrella of the preliminary injunction.
On January 15,1979, defendant answered plaintiff’s petition and moved for a rule to show cause why the $820,000 check payable to Rockwood should not be exempted from the preliminary injunction, alleging said amount to be the property of Rockwood. Evidence was heard on the rule on February 5, 1979, after which the trial court took the matter under advisement. On February 7, 1979, plaintiff filed an exception of no cause and no right of action urging the dismissal of defendant’s rule on the grounds same constituted an attempt to alienate, partially settle, or liquidate property prior to a petition of community assets and further, that defendant is without interest to champion the rights of alleged creditors.
In a judgment signed on February 20, 1979, the trial court overruled plaintiff’s exception of no cause and no right of action and ordered the preliminary injunction modified so as to permit the issuance of a check in the amount of $838,082.43 to Rock-wood to be honored by the First National Bank. In written reasons, the able trial judge expressed that he was convinced the said sum was owed to Rockwood and there was no reason to withhold the money and endanger a principal asset of the community, i. e., the defendant’s agency contract with Rockwood. From this judgment plaintiff took a devolutive appeal.
We note that plaintiff’s devolutive appeal did not suspend the effect of the judgment *604 releasing the funds to Rockwood and that more than seven months have passed since the signing of the judgment. Also, we observe from appellant’s brief that pursuant to the order signed February 20, 1979, a check was indeed issued to, negotiated and cashed by Rockwood on defendant’s account at the First National Bank. At this juncture, the sole question presented on appeal by plaintiff, i. e., the propriety of the trial court’s modification of the preliminary injunction, is moot. Rightly or wrongly, the preliminary injunction was modified and the funds which plaintiff sought to protect have been disbursed.
While no motion to dismiss this appeal for mootness has been filed, this court has the right to notice this circumstance ex proprio motu. LSA-C.C.P. 2164; Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968).
As was stated in Pettingill v. Hills, Inc., 199 La. 557, 6 So.2d 660 (1942):
“. . .It is the function of appellate courts to render judgments that can be made effective and not to give opinions on moot questions or abstract propositions from which no practical results can follow. So where it is impossible for the appellate court to undo what has already been done, the court will not determine the questions litigated in the court below, but will dismiss the appeal. This principle is one of general application ...”
We therefore dismiss this appeal at appellant’s cost.
APPEAL DISMISSED.