WARD, Judge.
This is a devolutive appeal by the Louisiana State Racing Commission and the Board of Stewards of Louisiana Downs from a District Court judgment granting Jack R. Gamble, Jr. a preliminary injunction. The injunction restrained the Commission and the Stewards from suspending Gamble’s racing privileges in Louisiana. After a review of the pertinent facts, we hold that the issues raised by this appeal are moot.
On May 10, 1983 the Stewards of Louisiana Downs issued Rule 157 which suspended the owner’s license of Gamble for the 1982-83 racing season and barred him from all track facilities in Louisiana pending his appearance before the Stewards for investigation of falsification of his license application. Gamble received notice of this suspension and filed an appeal with the Commission which set a hearing for May 27, 1983 and ordered Gamble to appear and present evidence. At this hearing, the Commission concluded that Gamble’s appeal was premature since the matter was still pending before the Stewards and remanded it to them with instructions to conduct a hearing as soon as possible.
Gamble filed suit in District Court seeking a mandamus ordering the Commission to hold a hearing. It was denied. After pursuing the unsuccessful claim for mandamus, on August 19, 1983 Gamble filed a petition for a preliminary injunction to restrain his suspension. He argued that the issuance of Rule No. 157 by the Stewards without notice or a hearing violated not only the Due Process Clauses of the State and Federal Constitutions but also the Louisiana Administrative Procedure Act (LAPA), La.R.S. 49:950 et seq. The Commission and Stewards responded with several exceptions, and after trial was had, the Trial Judge enjoined enforcement of Rule No. 157 until Gamble was afforded a Stewards’ hearing with adequate notice.
*168 The Commission and Stewards appealed this judgment urging that the Trial Judge erred in granting the preliminary injunction for two reasons: (1) Gamble failed to petition for judicial review within thirty days, as required by LAPA; and (2) alternatively, LAPA, which requires notice and an evi-dentiary hearing in an adjudication by a state agency, does not apply to the racing track stewards.
On May 10, 1984 Gamble filed a damages suit against the Commission and Stewards in the United States District Court. Our ruling in this appeal, of course, does not affect that suit.
A reviewing court has the right to consider, ex proprio motu, the possibility that a matter has become moot. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758, 759 (1968); Aucoin v. Evangeline Parish Police Jury, 338 So.2d 789 (La.App.4th Cir.1976).
In Behler, a race horse trained by Behler won the third race at the New Orleans Fair Grounds but failed a post-race drug screening. Behler’s license as a trainer for the 1966-67 racing season was suspended by the Stewards under the absolute insurer racing rule which makes a trainer responsible for his horse regardless of the acts of third parties. The Commission affirmed the ruling of the Stewards, and Behler filed suit against the Commission in District Court. The Trial Judge granted a preliminary injunction restraining the Commission from suspending Behler’s license for a period of 150 days and declared the absolute insurer rule unconstitutional. The defendants filed a devolutive appeal in the Supreme Court. The Court ultimately held that the appeal had become moot because the injunctive period had expired:
As the appeal was devolutive, there was no suspension of the judgment. The injunction granted in the judgment was for a period of 150 days, specifically from March 4 through August 1, 1967. It is evident that the injunctive period, which ended August 1, 1967, has long since elapsed, and this appeal is thus moot.
Id. 207 So.2d at 760.
A footnote at this point states:
Moreover, the license which was suspended was issued in accordance with R.S. 4:149 and was operative only for the 1966-1967 racing season, which has ended.

Id.

The Supreme Court concluded:
Since the time for which the injunction was granted has elapsed, no judgment which we might render on the merits can be made effective. We do not give opinions on moot questions or abstract propositions from which no practical result can follow....

Id.

We find the holding of Behler controls the result of the instant suit. The Commission’s devolutive appeal did not suspend the District Court judgment. That judgment restrained the Commission from enforcing a rule to suspend Gamble’s license pending his appearance before the Stewards. That license was operative only for the 1982-83 racing season, specifically from July 1, 1982 to June 30, 1983. Hence, the injunctive period ended on June 30, 1983. Since the time period for which the injunction was granted has long since elapsed, the question of whether the injunction should have been issued is moot, and we therefore, dismiss this appeal.
APPEAL DISMISSED.

J. Ward’s Reasons for Denying Application for Rehearing

Rehearing denied.
The judgement of the Trial Court which ordered the Louisiana State Racing Commission to allow Gamble the use of his box at Louisiana Downs and “all of the other amenities associated with the racing industry and faternity” continues automatically with the expiration of his suspended owner’s license No. 24545. Behler, 207 So.2d at 759.