WARD, Judge.
This is an appeal of a Trial Court decision affirming the Louisiana State Racing Commission’s suspension of Amos LaBorde’s owner/trainer license for four months.
In February 1987 members of the Louisiana State Police Racing Investigatory Unit conducted a search at Delta Downs Racetrack and discovered numerous syringes, needles and injectable vials in a barn assigned to LaBorde. The racetrack stewards charged LaBorde with a violation of the Rules of Racing, particularly, 35 La.Admin.Code 1743 (1984) which provides:
No person shall have in his possession, within the confines of a race track or within its stables, buildings, sheds or grounds, or within an auxiliary (offtrack) stable area, where horses are lodged or kept which are eligible to race over a race track of any association holding a race meeting, any prohibited drugs, hypodermic syrings or hypodermic needles or similar instruments which may be used for injection, except what licensed veterinarians may have in their possession such drugs, instruments or appliances, etc., as required in general veterinary practice.
The stewards suspended LaBorde from February 23 to April 8, 1987, denying his racing privileges and access to all Commission racetracks. LaBorde did not appeal the stewards’ decision; instead, he accepted his suspension. The stewards then referred LaBorde’s case to the Commission for further review.
In a civil proceeding, the Commission upheld the stewards’ ruling but increased the penalty to a four month suspension, from February 23 to June 23, 1987, with credit for the portion of his suspension LaBorde has already served. LaBorde filed a petition for judicial review of the Commission’s ruling and obtained a stay of the ruling pending final disposition of the case. See, La.R.S. 49:964. LaBorde sus-pensively appeals the judgment of the Trial Court affirming the Commission’s ruling. We affirm.
In oral argument before this Court, La-Borde, for the first time, argued that the matter before us was moot. He claimed that the Commission’s suspension of his license could no longer be effective because the suspended license was only operative from July 1, 1987 to June 30, 1988, the 1987-88 racing season, a time period which has elapsed. Furthermore, LaBorde argued that because the Commission suspended his license for a specific four month period which has also elapsed, this Court cannot revive the suspension period. LaBorde cites Behler v. Louisiana State Rac *374 ing Commission, 251 La. 959, 207 So.2d 758 (1968) and Gamble v. Louisiana State Racing Commission, 478 So.2d 166 (La. App. 4th Cir.1985) in support of his argument.
These cases, however, are clearly distinguishable from the instant case. Both cited cases involve a situation where the Trial Court granted the owner/trainer an injunction, to expire at a specific time, restraining the Commission from suspending the license in question. In each case the injunctions expired, leaving the Courts with no issue or ruling to review.
In this case, LaBorde did not ask the Trial Court for an injunction. Instead, he requested and was granted a stay order suspending the Commission’s order until final disposition of the case. Moreover, LaBorde requested and was granted a sus-pensive appeal to this Court.
The stay order and suspensive appeal have prevented the Commission from enforcing its penalty until the conclusion of this appeal. Although LaBorde has every right to exhaust his appellate remedies he cannot use the judicial process to indirectly relieve him of the obligation to suffer the penalty imposed by the Commission.
When this judgment becomes final the sentence is executory. If LaBorde has a current license it becomes suspended under the terms of the sentence. If he does not have a current license but applies for one, that new license becomes subject to the suspension until it has been executed. Consequently, the matter before us is not moot.
Therefore, having determined that La-Borde’s mootness arguments are meritless, we will address the arguments presented in his brief.
LaBorde asserts that the evidence in the record proves the Commission’s decision finding him to have violated the Rules of Racing is erroneous, and the penalty is clearly excessive. Claiming that he never intended to violate the Rules of Racing, LaBorde maintains that he only acted compassionately to save a severely injured horse. At the hearings before the stewards and the Commission, LaBorde testified that he used the items seized in an effort to treat a horse which was in great pain and difficult to treat after sustaining a leg injury. Although the owner of the horse wanted to put the horse to sleep instead of paying the veternariary bills, he allowed LaBorde to treat the horse. LaBorde did not remove the horse from the racetrack because, he claims, he needed assistance from people at the track to administer medicine to the horse.
The State’s chemist testified that the drugs found in LaBorde’s barn were therapeutic, and the State offered no evidence to show that other horses under LaBorde’s supervision were given prohibited drugs. And, since the injured horse could not race, the drugs administered could not affect his performance in a race.
Although LaBorde’s testimony was unrefuted, his good intentions, compassion, or lack of culpability are irrelevant to a determination of whether he violated the Rules of Racing. These factors, however, may influence the penalty imposed, and the record reveals that the Commission did account for the particular facts in La-Borde’s case in imposing a penalty. Moreover, the penalty of four months suspension, of which LaBorde has already served two months and four days, is not clearly excessive.
In his second assignment of error, La-Borde claims that the search of his bam was illegal and in violation of the Rules of Racing, and therefore the evidence seized should have been excluded from the Commission hearing. He contends the search was illegal because it was not authorized by the Commission or the steward representing the Commission at the race track as required by the Rules of Racing, 35 La.Admin.Code 1749 (1984).
By accepting his owner-trainer license, LaBorde consented to all searches authorized by the Commission or the steward representing the Commission. Pullin v. Louisiana State Racing Commission, 484 So.2d 105 (La.1986). No evidence was presented at the hearings which indicated *375 that the search conducted by the investigation unit was authorized by the Commission or the steward representing the Commission. Therefore, in the absence of La-Borde’s consent, the warrantless search of the barn violated LaBorde’s constitutional rights, and the evidence was illegally obtained. Pullin.
Nevertheless, the Louisiana Supreme Court has determined that the exclusionary rule does not apply in a civil proceeding before the Louisiana State Racing Commission. In Pullin, the Court applied a cost-benefit analysis to reach its conclusion on the inapplicability of the exclusionary rule. LaBorde claims that the Pullin case is distinguishable because the analysis applied by the Court was dependent upon the particular facts in one Racing Commission case. He argues that since his illegal possession of materials was caused by his compassionate attempt to save the life of a horse not in racing condition, the Supreme Court’s concerns about maintaining the integrity of the racing industry or preventing “corrupt, incompetent, dishonest or unprincipled” racing practices are not present in his case.
The Pullin decision, however, does not indicate that a cost-benefit analysis should be applied in each Racing Commission case. Rather, the Court applied the analysis to all Commission cases and determined that the exclusionary rule does not apply to any case before the Commission.
Accordingly, the Commission properly considered the illegally seized evidence in its civil proceeding against LaBorde. Therefore, the judgment of the Trial Court upholding the Commission’s ruling and penalty is affirmed. All costs of this appeal are assessed to LaBorde.
AFFIRMED.