KNOLL, Judge.
This appeal concerns whether the trial court erred in enjoining the State of Louisiana, through the Department of Public Safety and Corrections (State) from revoking the restricted driver’s license of plaintiff, Gregory Paul Landry (Landry).
*378 FACTS
According to Landry’s petition for judicial review, on January 21, 1989, plaintiff was arrested by a Lafayette city police officer for allegedly driving while intoxicated, in violation of LSA-R.S. 14:98, after being stopped for a speeding violation. At an administrative hearing, the State revoked Landry’s driving privileges for one year effective March 30, 1989. Pursuant to LSA-R.S. 32:414(F)(4) and 32:668(C), Landry successfully requested a stay order of the revocation and a review in district court.
In its judgment rendered on July 25, 1989, the district court reversed the administrative order, granted Landry restricted driving privileges to and from his place of employment for one year and ordered the State to issue Landry a one year hardship driver’s license.
According to Landry’s petition for stay order, contempt and preliminary injunction, on or about October 20, 1989, the State issued a “pickup order” suspending Landry’s restricted driving privileges for an additional year for an alleged D.W.I. Landry filed a petition seeking a stay order, contempt for the State’s disregard and violation of the earlier judgment and an injunction prohibiting the State from altering his driving privileges granted in the earlier judgment.
Following a hearing, on May 28, 1990, the trial court permanently enjoined the State from revoking Landry’s restricted driving privileges.
The State suspensively appeals the judgment and contends the trial court erred in concluding that the July 25,1989, judgment is res judicata and prevents it from later suspending Landry’s driving privileges for a subsequent conviction of driving while intoxicated. We dismiss the State’s appeal ex proprio motu, finding the issue on appeal moot.
EX PROPRIO MOTU DISMISSAL FOR MOOTNESS
In the interest of judicial economy, the appellate court may consider, ex pro-prio motu, the possibility that a matter has become moot. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968). Courts will not ordinarily rule on legal questions where no practical results can be effectuated by its ruling. In Re Baer, 310 So.2d 537 (La.1975).
Summarizing the circumstances in Beh-ler, supra, our brethren of the Fourth Circuit stated:
“In Behler, a race horse trained by Beh-ler won the third race at the New Orleans Fair Grounds but failed a post-race drug screening. Behler’s license as a trainer for the 1966-67 racing season was suspended by the Stewards under the absolute insurer racing rule which makes a trainer responsible for his horse regardless of the acts of third parties. The Commission affirmed the ruling of the Stewards, and Behler filed suit against the commission in District Court. The Trial Judge granted a preliminary injunction restraining the Commission from suspending Behler’s license for a period of 150 days and declared the absolute insurer rule unconstitutional. The defendants filed a devolutive appeal in the Supreme Court. The Court ultimately held that the appeal had become moot because the injunctive period had expired:
‘As the appeal was devolutive, there was no suspension of the judgment. The injunction granted in the judgment was for a period of 150 days, specifically from March 4 through August 1, 1967. It is evident that the injunctive period, which ended August 1, 1967, has long since elapsed, and this appeal is thus moot.’ Id. 207 So.2d at 760.
A footnote at this point states: ‘Moreover, the license which was suspended was issued in accordance with R.S. 4:149 and was operative only for the 1966-1967 racing season, which has ended.’

Id.

The Supreme Court concluded:
‘Since the time for which the injunction was granted has elapsed, no judgment *379 which we might render on the merits can be made effective. We do not give opinions on moot questions or abstract propositions from which no practical result can follow.
Gamble v. Louisiana State Racing Com’n, 478 So.2d 166, 168 (La.App. 4th Cir.1985).
As in Behler, supra, the Gamble appeal was dismissed, ex proprio motu, on grounds of mootness, because the time period for which the injunction was granted had long since lapsed and any ruling would have had no practical results.
In the case sub judice, Landry’s restricted driving privileges were revoked by the State for one year on or about October 20, 1989. After the trial court permanently enjoined the State from altering Landry’s restricted driving privileges, the State suspensively appealed the judgment. The net effect is the injunction was suspended and the State was free to enforce its revocation of Landry’s restricted driving privileges. Since the one year period has long since lapsed and neither party requested an expedited appeal pursuant to Rule 2-11.2 of the Uniform Rules of Louisiana, Courts of Appeal, we consider this matter to be moot and dismiss the appeal ex proprio motu. Costs of this appeal are assessed to the State.
APPEAL DISMISSED.