| ELISA KNOWLES COLLINS | * | NO. 2024-CA-0484 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| LESLIE RICARD CHAMBERS, | * | |
| HON. MARCUS L. HUNTER, | | FOURTH CIRCUIT |
| AND NANCY LANDRY IN HER | * | |
| CAPACITY AS THE | | STATE OF LOUISIANA |
| SECRETARY OF STATE FOR | * * * * * * * | |
| THE STATE OF LOUISIANA | | |

APPEAL FROM
19TH JUDICIAL DISTRICT COURT EAST BATON ROUGE
NO. C751318, "24-B"
Honorable Donald R. Johnson, Judge
* * * * * *
**Judge Rachael D. Johnson**
* * * * * *

(Court composed of Chief Judge Terri F. Love, Judge Roland L. Belsome, Judge Daniel L. Dysart, Judge Joy Cossich Lobrano, Judge Rosemary Ledet, Judge Sandra Cabrina Jenkins, Judge Paula A. Brown, Judge Dale N. Atkins, Judge Rachael D. Johnson, Judge Karen K. Herman, Judge Nakisha Ervin-Knott)[1]

**BELSOME, J., CONCURS IN PART AND DISSENTS IN PART.
LOBRANO, J., CONCURS IN PART AND DISSENTS IN PART FOR THE
REASONS ASSIGNED BY JENKINS, J.
JENKINS, J., CONCURS IN PART AND DISSENTS IN PART**

David Mark Bienvenu, Jr.
Anthony J. Lascaro
BIENVENU FOCO & VIATOR, LLC
4210 Bluebonnet Blvd.
Baton Rouge, LA 70809

Michael Paul Bienvenu
Kolby P. Marchand
KINCHEN WALKER BIENVENU BARGAS REED & HELM, LLC
8550 United Plaza Blvd., Suite 202
Baton Rouge, LA 70809

        COUNSEL FOR PLAINTIFF/APPELLANT

Alesia M. Ardoin
R. Gray Sexton

---

[1] Judge Tiffany Gautier Chase recused herself from this case.

LAW OFFICES OF R. GRAY SEXTON
8680 Bluebonnet Blvd., Suite D
Baton Rouge, LA 70810

Willie Hunter, Jr.
LAW OFFICE OF WILLIE HUNTER, JR.
900 St. John St.
P.O. Box 3105
Monroe, LA 71210

Daniel J. Hunter
THE HUNTER & HUNTER LAW FIRM, LLC
4521 Jamestown Ave, Suite 2
Baton Rouge, LA 70808

Shauncey Hunter Rideway
CHRISTIAN AND SMALL, LLP
603 Duling Ave., Suite 294
Jackson, MS 39216

       COUNSEL FOR DEFENDANTS/APPELLEE

**AFFIRMED IN PART; REVERSED IN PART**

**AUGUST 8, 2024, AT __1_ : _26__PM**[2]

---

[2] Louisiana Revised Statutes 18:1409(F) provides that "[j]udgment [by the court of appeal in an action objecting to candidacy] shall be rendered within twenty-four hours after the case is argued. The court of appeal shall indicate the date and time rendered on the judgment." Louisiana Revised Statutes 18:1413 states that "[c]omputation of all time intervals in this Chapter shall include Sundays and other legal holidays. However, if the time interval ends on a Sunday or other legal holiday, then noon of the next legal day shall be deemed to be the end of the time interval."

This is an election suit concerning whether Appellees, Leslie Richard Chambers ("Ms. Chambers") and Marcus L. Hunter ("Judge Hunter"), should be disqualified as candidates for the upcoming election for the office of Associate Justice of the Louisiana Supreme Court for District Two ("Associate Justice, Dist. Two"). Appellant, Elisa Knowles Collins ("Ms. Collins"), seeks review of the July 31, 2024 trial court judgment, overruling her objections to Ms. Chambers' and Judge Hunter's qualifications for candidacy for Associate Justice, Dist. Two. Upon review of the facts and applicable law of the matter *sub judice*, we affirm in part and reverse in part.

### FACTS AND PROCEDURAL HISTORY

On July 17, 2024, Ms. Chambers and Judge Hunter[3] each filed a notice of candidacy with the Louisiana Secretary of State seeking election to the office of Associate Justice, Dist. Two. On July 19, 2024, Ms. Chambers amended her notice of candidacy to update her email and phone number. Then, on July 26, 2024, Ms. Collins filed a petition challenging Ms. Chambers' and Judge Hunter's qualifications to run as candidates for Associate Justice, Dist. Two. Trial occurred

_____

[3] Judge Hunter is currently a Judge on the Louisiana Court of Appeal, Second Circuit.

on July 30, 2024. At the commencement of trial, the trial court considered a motion to strike filed by Ms. Collins, as well as a motion to strike and an exception of no case of action filed by Judge Hunter.

Ms. Collins moved to strike all constitutional challenges presented by Ms. Chambers as it pertains to Ms. Chambers' residency or domicile requirements. Ms. Chambers raised constitutional challenges to Act 7 of the 2024 Regular Legislative Session enacted on May 1, 2024 ("Act 7");[4] La. Const. art. 5 § 24; and La. R.S. 18:451. Ms. Collins argued that a court cannot declare a statute unconstitutional in the context of a summary proceeding. Ms. Collins further argued that Ms. Chambers had almost three months to file an ordinary action in federal or state court to challenge the statute as being unconstitutional but chose not to do so. Ms. Chambers argued that she was not presenting a constitutional challenge to the requirements of residency in order to assert a claim, but instead was raising the issue as a defense to the challenge of her candidacy. In particular, she cites nationwide jurisprudence to avoid an unconstitutional application of the one-year residency requirement in which reapportionment has resulted in the loss of a district. The trial court denied Ms. Collins' motion to strike.

Judge Hunter's motion to strike and exception of no cause of action asserted that Ms. Collins' pleadings were legally deficient and did not meet the necessary evidentiary requirements. Judge Hunter argued that Ms. Collins failed to produce self-authenticated documents in her initial pleadings to support her argument that Judge Hunter did not file his federal taxes in 2022 and his state taxes in 2021, 2022, and 2023. Ms. Collins countered that to defeat a no cause of action claim, a

---

[4] On May 1, 2024, the Louisiana State Legislature enacted Act 7. Act 7 provided for the redistricting of Louisiana Supreme Court districts. Act 7 enacted La. R.S. 13:101.2 and 101.3 and repealed La. R.S. 13:101, 101.1 and 312.4.

plaintiff only needs to show that if the allegations presented in their petition are assumed to be true, there is relief that can be provided to the plaintiff. The trial court denied Judge Hunter's motion to strike and exception of no cause of action.

The trial court heard testimony from Ms. Collins, Ms. Chambers, and Rosie Harper ("Ms. Harper"), a certified public accountant and Judge Hunter's tax preparer. In support of her challenge to Ms. Chambers' and Judge Hunter's candidacies, Ms. Collins testified that she has lived in East Baton Rouge Parish since October 1983. From 1983 to 2016, she resided on Lanier Drive, Baton Rouge, Louisiana. She currently lives on East Caprice Avenue, Baton Rouge, Louisiana because her property on Lanier Drive flooded and was subsequently demolished. Ms. Collins intends to move back to her property on Lanier Drive at some point. Ms. Collins is registered to vote and her voter registration card, which she received on June 3, 2024, was submitted into evidence. Her voter registration card indicated that she resides within District Two as defined by Act 7. The voter registration card also shows that she has been registered to vote in her ward or precinct for almost forty years.

Ms. Chambers testified that she resides in Prairieville, Louisiana, which is in Ascension Parish. She further testified that since she became an attorney in May 2009, she has been a part of the legal community in East Baton Rouge Parish. She acknowledged that she did not reside in District Two when she filed her initial notice of candidacy on July 17, 2024, and her amended notice of candidacy on July 19, 2024. Ms. Chambers also acknowledged that she is not a registered voter in District Two and has never been a registered voter in East Baton Rouge Parish. While working in East Baton Rouge Parish, Ms. Chambers resided in St. Helena Parish for the first few years and now currently resides in Ascension Parish. While

3

practicing law part time, Ms. Chambers would use her Ascension Parish address as the address for her law practice.

Ms. Chambers testified that she filed her 2021, 2022, and 2023 taxes through a third-party application called TurboTax. For her 2022 tax return filed through TurboTax, Ms. Chambers received a report from TurboTax showing her name, address, bank account number, and her bank routing transit number. In addition to this, the report showed that she was due a refund of $4,958.00. Ms. Chambers testified that she checked on the status of her tax return when she went to the Louisiana Department of Revenue's website, and the only feedback she received was that no information had been processed. She stated that she believes it takes about four to six weeks to process the returns so she did not find it unusual that she had not received her refund. As of the July 30, 2024 hearing, Ms. Chambers averred that she had not received her $4,958.00 refund.

Ms. Harper testified that she has been a certified public accountant since 1995, and Judge Hunter has been her client since 2019. Ms. Harper serves as Judge Hunter's tax preparer for his personal taxes and his company. Ms. Harper testified that on July 12, 2024, she and Judge Hunter communicated over text to discuss information she needed to file his 2022 and 2023 tax returns. Judge Hunter provided the documents and information she requested. On July 16, 2024, Ms. Harper electronically filed Judge Hunter's 2022 and 2023 state and federal income tax returns. Ms. Harper testified that the IRS accepted Judge Hunter's 2021 tax return on July 18, 2022. Ms. Harper also confirmed that she personally prepared and handled Judge Hunter's tax returns for 2018, 2019, and 2020 by going online and receiving an account transcript from the IRS. Ms. Harper subsequently wrote letters to Judge Hunter confirming the filing of his tax returns from 2018 through

4

2023. On July 27, 2024, Ms. Harper discovered that the IRS rejected Judge Hunter's tax returns that she filed for 2022 and 2023 because the IRS temporarily required an IP pin. Ms. Harper notified Judge Hunter of this rejection on the same day.

At the conclusion of the trial, the trial court determined that Ms. Chambers and Judge Hunter were qualified to run for Associate Justice, Dist. Two. Accordingly, on July 31, 2024, the trial court rendered judgment, denying Ms. Collins' petition to disqualify Ms. Chambers and Judge Hunter from the election. The judgment also denied the aforementioned motions to strike and the exception of no cause of action. This timely appealed followed.

On appeal, Ms. Collins raises four assignments of error: (1) the trial court committed legal error in denying her motion to strike regarding Ms. Chambers; (2) the trial court committed legal error in judicially nullifying the domicile requirements for election to judicial office set forth in La. Const. art. 5 § 24, La. R.S. 18:451 and Act 7, thus allowing Ms. Chambers to seek election in District Two despite not being domiciled in District Two at the time of qualification and for one year preceding her election; (3) the trial court committed legal and manifest factual error in applying a legally erroneous standard of proof by not disqualifying Ms. Chambers for falsely certifying that she had filed her 2022 Louisiana state income tax return; and (4) the trial court committed legal and manifest factual error in applying a legally erroneous standard of proof by not disqualifying Judge Hunter for falsely certifying that he had filed his 2022 federal income tax return and his 2021, 2022, and 2023 Louisiana state income tax returns.

**STANDARD OF REVIEW**

5

"A trial court's findings of fact are reviewed under a manifest error standard of review, and issues of law are reviewed for determination of whether the interpretive decision is legally correct." *Jefferson Fin. Fed. Credit Union v. New Orleans Libations & Distilling Co.,* 22-0123, p. 3 (La. App. 4 Cir. 10/31/22), 351 So. 3d 783, 785 (citing *Smith v. Charbonnet*, 17-0634, p. 5 (La. App. 4 Cir. 8/2/17), 224 So. 3d 1055, 1059). In addition, the determination of domicile made in the trial courts are subject to a manifest error standard of review. *Schindler v. Russ*, 22-0533, p. 12 (La. App. 4 Cir. 8/8/22), 346 So. 3d 309, 317, *writ denied*, 2022-01214, p. 1 (La. 8/11/22), 343 So. 3d 703, 704 (quoting *Suarez v. King*, 21-0458, p. 4 (La. App. 4 Cir. 8/3/21), 366 So. 3d 315, 318).

"The person objecting to the candidacy of a person bears the burden of proof." *La. State Bd. of Ethics v. Garrett*, 06-0263, p. 8 (La. App. 4 Cir. 3/21/06), 929 So. 2d 176, 180 (citations omitted). "[O]nce the party bearing the burden of proof has established a *prima facie* case, the burden then shifts to the opposing party to present sufficient evidence to overcome the other party's *prima facie* case." *Landiak v. Richmond*, 05-0758, p. 8 (La. 3/24/05), 899 So. 2d 535, 542. "Generally, the legal term 'burden of proof' 'denotes the duty of establishing by a fair preponderance of the evidence the truth of the operative facts upon which the issue at hand is made to turn by substantive law.'" *Id*. (quoting *Black's Law Dictionary* (8th ed. 2004)).

## DISCUSSION

La. R.S. 18:492, entitled *Grounds for an objection to candidacy*, provides in pertinent part:

> A. An action objecting to the candidacy of a person who qualified as a candidate in a primary election shall be based on one or more of the following grounds:

6

> (1) The defendant failed to qualify for the primary election in the manner prescribed by law.
>
> . . . .
>
> (3) The defendant does not meet the qualifications for the office he seeks in the primary election.
>
> . . . .
>
> (7) The defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns, has filed for an extension of time for filing either his federal or state income tax return or both as provided in R.S. 18:463(A)(2), or was not required to file either a federal or state income tax return or both.

### *Ms. Collins' Motion to Strike*

Ms. Collins argues that the trial court erred in denying her motion to strike because a court may not declare a statute unconstitutional during a summary proceeding. Ms. Collins further argues that under La. R.S. 18:1406(C)[5] and La. R.S. 18:1409(A)(1),[6] the challenge to Ms. Chambers' and Judge Hunter's candidacies was tried as a summary proceeding. After review of the record, we determine that Ms. Chambers was not asking the trial court to declare Act 7, La. Const. art. 5 § 24, and La. R.S. 18:451 are unconstitutional. Instead, Ms. Chambers

---

[5] La. R.S. 18:1406(C) states in pertinent part:

> The defendant shall be served with citation directing him to appear in court no later than 10:00 a.m. on the fourth day after suit was filed, subject, however, to the provisions of R.S. 18:1408(D). The defendant is not required to answer the petition, but if he answers, he shall do so prior to trial.

[6] La. R.S. 18:1409(A)(1) states in pertinent part:

> Actions objecting to the calling of a special election, objecting to candidacy, contesting the certification of a recall petition, or contesting an election shall be tried summarily, without a jury, and in open court. The trial shall begin no later than 10:00 a.m. on the fourth day after suit was filed.

argued that Ms. Collins sought an unconstitutional application of Act 7; La. Const. art. 5 § 24; and La. R.S. 18:451 in this case. Thus, we affirm the trial court's denial of Ms. Collins' motion to strike.

### *Tax Return Challenge*

Ms. Collins argues that Judge Hunter and Ms. Chambers should be disqualified for the election for Associate Justice, Dist. Two because they failed to file their federal and/or state tax returns for the five previous tax years. To disqualify Judge Hunter and Ms. Chambers as candidates for the election of Associate Justice, Dist. Two, Ms. Collins needed to establish a *prima facie* case for disqualification. *See Cranch v. Wicker*, 20-0716, p. 3 (La. App. 1 Cir. 8/13/20), 311 So. 3d 384, 386. Ms. Collins established her *prima facie* case by providing public record request results from the Louisiana Department of Revenue ("LDR") regarding the filing of tax returns for Judge Hunter and Ms. Collins. LDR reported that Judge Hunter failed to file a federal tax return in 2022 and Louisiana state income tax returns for 2021, 2022, and 2023. LDR reported that Ms. Chambers failed to file a Louisiana state income tax return in 2022.

According to La. R.S. 18:492 (A)(7), if a "defendant falsely certified on his notice of candidacy that for each of the previous five tax years he has filed his federal and state income tax returns," there are grounds for an objection to the defendant's candidacy. When interpreting La. R.S. 18:492 (A)(7), the secretary of LDR is allowed to provide us guidance. *Clark v. Bridges*, 23-00237, p. 6 (La. 2/22/23), 356 So. 3d 990, 993-94. Pursuant to La. R.S. 47:1511, "the secretary [of LDR] is authorized to prescribe rules and regulations to carry out the purposes of this Title and the purposes of any other statutes or provisions included under the secretary's authority. These rules and regulations … will have the full force and

8

effect of law." La. Admin. Code Title 61, pt. I, § 4911(B)(4) provides practical guidance as to what it means to file tax returns for the purposes of La. R.S. 18:492 (A)(7). La. Admin. Code Title 61, pt. I, § 4911(B)(4) states that an electronically filed tax return is deemed filed "on the date transmitted to the department or to a third party acting as the department's agent."

Ms. Collins argues that Judge Hunter failed to show that he filed his 2022 federal and state tax returns by the extended due dates of October 15, 2023 and November 15, 2023. The record reflects that Judge Hunter filed his 2022 and 2023 tax returns the day before he filed his notice of candidacy on July 17, 2024. Ms. Collins further argues that Judge Hunter failed to provide evidence that his income tax returns were accepted by July 17, 2024, and that relying on his CPA tax preparer is not a valid defense to a false certification when a filing fails to meet the requirements of La. R.S. 47:1511.

Ms. Harper, Judge Hunter's CPA tax preparer, testified that she transmitted his tax returns electronically. She testified that on July 16, 2024, she electronically filed Judge Hunter's 2022 and 2023 state and federal income tax returns. Ms. Harper further testified that Judge Hunter's 2021 tax return was accepted on July 18, 2022. During trial, multiple text messages and letters between Judge Hunter and Ms. Harper were introduced that showed that Judge Hunter relied on Ms. Harper to file his federal and state tax returns. The Louisiana Supreme Court in *Bridges* made it clear that a transmission to a third party acting as a defendant's agent constitutes filing for purposes of filing a tax return electronically. The court in *Bridges* stated:

> The regulation provides that a return filed electronically is deemed filed on the date of transmission to the LDR or on the date of transmission to a third party acting as its agent. The standard set forth

> in the regulation is not determined by the date on which the LDR receives the tax return electronically, but, rather, the date on which the filing party has transmitted the tax return either to the LDR or to the third party acting as the LDR's agent. Transmission by the taxpayer is the operative event for electronic filing.

23-00237, p. 7, 356 So. 3d at 994.

On July 16, 2024, and July 27, 2024, Ms. Harper communicated to Judge Hunter in writing that his 2022 and 2023 tax returns had been filed.[7] Although there was testimony that Judge Hunter's taxes had been rejected and needed to be filed in an alternate manner, we find that the rejection does not amount to a failure to file. Once the CPA transmitted the returns electronically and communicated the same to Judge Hunter, he complied with the filing requirements set out in the notice of candidacy. Judge Hunter satisfied his burden to rebut the *prima facie* case of Ms. Collins' objection to his candidacy. After review of the record, we find that Judge Hunter satisfied his burden of proof showing that he filed his taxes for each of the five previous tax years.

Ms. Collins then argues that Ms. Chambers failed to meet her burden of proof by failing to provide evidence of transmission showing that she electronically filed her 2022 state income tax return. We agree. In *Wicker*, the First Circuit Court of Appeal held that "uncorroborated and self-serving testimony" was not enough to meet the burden of proof to rebut the plaintiffs' *prima facie* case. 20-0716, p. 4, 311 So. 3d at 386. Without affirmative documentary proof showing that her tax return had been filed, the First Circuit Court of Appeal determined that the candidate was disqualified for falsely certifying that all of her state returns for the

---

[7] On July 27, 2024, Judge Hunter was notified that the IRS received his 2022 and 2023 electronically filed taxes but they were rejected. The 2022 and 2023 tax returns were rejected because the IRS temporarily required an IP pin.

last five years had been filed when she signed her notice of candidacy. *Id*. at p. 9, 311 So. 3d at 389.

The TurboTax document Ms. Chambers provided as evidence does not provide proof of transmission of her 2022 Louisiana state tax return to a third party. The TurboTax document only provides that if Ms. Chambers were to file her 2022 Louisiana state tax return, she would be owed a refund in the amount of $4,958.00. The TurboTax document gave her instructions on how to file her 2022 Louisiana state tax return by mail and electronically, which implies that she had not yet submitted her 2022 Louisiana state tax return. This is further supported by her testimony when she attempted to view the status for her 2022 tax return on the LDR's website, the only feedback she received was that "no information had been processed." Ms. Chambers did not provide any other documents showing that she transmitted her 2022 Louisiana state tax return. Without affirmative documentary proof of transmission, Ms. Chambers relied on her own self-serving testimony. As established in *Wicker*, self-serving testimony does not meet the burden of proof to show that Ms. Chambers filed her taxes. Thus, Ms. Chambers failed to meet her burden of proof to rebut the *prima facie* case established by Ms. Collins in her objection to Ms. Chambers' candidacy.

### Domicile Challenge

As we find that the objection to Ms. Chambers' candidacy for the upcoming election for the office of Associate Justice, Dist. Two has merit because she failed to demonstrate that she filed her state taxes in 2022, the domicile issue is moot. "It is well established that appellate courts will not render advisory opinions from which no practical results can follow." *Whitney Nat'l Bank of New Orleans v. Poydras Ctr. Assocs.*, 468 So. 2d 1246, 1248 (La. App. 4th Cir. 1985) (citation

11

omitted). "As a result, Courts have established the rule that moot questions will not be considered on appeal." *Id*. (citation omitted). Accordingly, we will not consider the issue of Ms. Chambers' domicile.

## DECREE

For the foregoing reasons, we affirm the July 31, 2024 trial court judgment in part and reverse in part. We affirm the trial court's overruling the objection to Judge Hunter's candidacy. However, we reverse the trial court's overruling the objections to Ms. Chambers' candidacy and sustain the objection to Ms. Chambers' candidacy.

**AFFIRMED IN PART; REVERSED IN PART**