PER CURIAM.
In order to expeditiously dispose of this case in compliance with Louisiana Revised Statutes 18:396 and 18:420, the court announces the following decision:
The judgment of the lower court is reversed and set aside. Plaintiff’s demands are rejected and the suit dismissed at his cost.
Written reasons for the above ruling will follow in due course.
BOLIN, Judge.
W. L. Howard filed the required documents with the Municipal Democratic Executive Committee of the City of Monroe, Louisiana, to become a candidate for May- or of that city. Lloyd C. Fox filed a suit in the district court objecting to Howard’s candidacy based on the contention that Howard was not a “qualified elector” of the city because he had plead guilty to a felony in April 1975. For written reasons *173 the trial judge rendered judgment in favor of Fox disqualifying Howard and the latter appeals. We reverse.
Howard, a former mayor of Monroe, was indicted in 1972 by a grand jury for various offenses allegedly committed by him while serving as mayor. In April of 197S a bill of information was filed against Howard charging him with a felony (public contract fraud) allegedly committed in 1970. On June 6, 197S, Howard plead guilty to an attempt to commit public contract fraud and was sentenced to pay a fine and to serve ten months in the parish jail. The jail sentence was suspended and Howard was placed on supervised probation for one year, subject to certain conditions which are not relevant to this decision.
It is not seriously contended that Howard is not a “qualified elector” unless the specified felony conviction disqualified him.
The lower court in its written reasons held the Louisiana Constitution of 1921 was controlling:
As it was in effect on December 31, 1974, Article VIII, Section 6 of the “old” Constitution provided, in pertinent part:
“The following persons shall not be permitted to register, vote or hold office ... in this state, to-wit: Those persons who have been convicted within this state of a felony and have not afterwards been pardoned with express restoration of franchise ... by the governor of this state . . .” (underlining supplied).
At that time, R.S. 18:42 declared ineligible to register or vote “those who have been convicted of any crime punishable by imprisonment in the penitentiary, and have not afterwards been pardoned. .” R.S. 18:111 directed the Clerk of Court to report to the Registrar the names and addresses of every person sentenced “for any crime punishable in the penitentiary,” and also directed the Registrar to erase the names of such persons from the precinct register. R.S. IS :572.1 prohibited any person convicted of a crime punishable by imprisonment in the penitentiary and not pardoned from registering, voting or holding office.
The “new” Constitution became effective at midnight on December 31, 1974 (Article XIV, Section 35). Article XIV is entitled “Transitional Provisions.” Section 17 thereof repeals the “old” Constitution “except to the extent provided in this Article . . .” Section 18 provides that laws in force on the effective date are to remain in effect if they were constitutional when adopted and are not in conflict with the “new” Constitution. Section 23 provides:
“All writs, actions, suits, proceedings, civil or criminal liabilities, prosecutions, judgments, sentences, orders, decrees, appeals, rights or causes of action, contracts, obligations, claims, demands, titles and rights existing on the effective date of this constitution shall continue unaffected. All sentences as punishment for crime shall be executed according to their terms.”
Section 26 provides:
“Except as otherwise specifically provided in this constitution, this constitution shall not be retroactive and shall not create any right or liability which did not exist under the Constitution of 1921 based upon actions or matters occurring prior to the effective date of this constitution.”
Without question, the offense for which Howard was sentenced occurred prior to effective date of the “new” Constitution. Although he vigorously contends that he pleaded guilty to a new bill of information filed April 4, 1975, the only logical and reasonable interpretation of the *174 facts is that Howard’s plea (conviction) on that date was the culmination of charges and proceedings begun with the indictment filed October 11, 1972. By its very specific language, the “new” Constitution declares that “proceedings”, “criminal liabilities”, and “prosecutions” existing on its effective date shall continue “unaffected” by its provisions. It specifically declares that it shall not be retroactive with respect to “actions or matters occurring prior to” its effective date.
We cannot agree with the learned trial' judge. The only criminal charge against Howard relevant to this case was the one to which he pleaded guilty. This charge was filed in 1975 and he pleaded guilty and was sentenced in 1975. He qualified as a candidate in 1976. At the time of each of these events, the 1974 Constitution was in effect.
Article I, Section 10 of the Louisiana Constitution of 1974 provides:
Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony. (Emphasis ours)
This was the controlling provision of law in 1976, when Howard qualified.
The language of the second phrase of the 1974 constitutional provision quoted supra is permissive and not self-operative, meaning that it must be implemented before it can operate to deprive one of his right to vote and thus not be a “qualified elector”. It is unnecessary for us to find whether the implementation must be by legislative act or otherwise. We do hold Article I, Section 10 of Louisiana Constitution of 1974 is one of the fundamental bill of rights guaranteeing every citizen that he “shall have the right to register and vote.” Unless this right is specifically suspended by legislative or other constitutional means (which has not been done in this case), it is not automatically forfeited because a citizen is convicted of a felony.
The former Article VIII, Section 6 of the Constitution of 1921, which operated to deprive one of the right to vote and hold public office upon the mere conviction of a felony, was repealed by Article XIV, Section 17 of’ the Constitution of 1974. Louisiana Revised Statutes 18:42 and 111 were repealed by Article XIV, Section 18, because they were in conflict with the 1974 Constitution on its effective date. La.R.S. 15:572.1 was likewise repealed by Article XIV, Section 18, at least to the extent that it deprived one of the right to vote upon the mere conviction of a felony. The question of whether Howard is eligible to “hold office” is not before us. Therefore, there was no law in effect on February 3, 1976, which restricted Howard’s right to register, vote and seek public office.
In reaching its decision, the district court relied on Article XIV, Sections 23 and 26 of the 1974 Constitution and cases applying those sections since the effective date of the new constitution. Sections 23 and 26 are intended to implement the intent of the Constitution of 1974 expressed in Article XIV, Section 14, which provides :
Nothing in this Part shall be construed or applied in such a manner as to supersede or invalidate or limit or change the meaning of any provision of the foregoing Articles of this constitution, hut only to provide for an orderly transition from the Constitution of 1921. (Emphasis ours)
It is clear from the above section that it was the intent and purpose of the Constitutional Convention to do no more than provide for an orderly transition from the old constitution to the new. We cannot agree that Sections 23 and 26, quoted supra from the trial judge’s opinion, authorize applying the provisions of the old constitution to *175 this case merely because Howard committed the crime prior to the adoption of the 1974 Constitution. It is the conviction and not the date of the crime or the proceedings that forms the basis for the possible suspension of the right to vote.
Having decided Article I, Section 10 of the 1974 Constitution is controlling and that no action thereunder has been taken to suspend Howard’s right to vote, it is unnecessary for us to discuss whether his suspended sentence constituted “an order of imprisonment” under the said section.
For the foregoing reasons the judgment is reversed and plaintiff’s demands are rejected at his cost.