411 So.2d 490 (1982)
Charles CHAVERS
v.
Viola P. CHAVERS.
No. 14417.
Court of Appeal of Louisiana, First Circuit.
March 2, 1982.
*491 J. Lynn Ponder, Amite, for plaintiff-appellee.
Bruce E. Simpson, Kentwood, and Richard Macaluso, Hammond, for defendant-appellant.
Before CHIASSON, EDWARDS and LEAR, JJ.
CHIASSON, Judge.
The sole issue remaining in this appeal is the custody of two minor children of Viola P. Chavers, defendant-appellant, and her former husband, Charles Chavers, plaintiff-appellee.
Appellant filed this appeal from a judgment of the trial court granting custody of the children to Charles Chavers. Thereafter, pursuant to a custody rule filed by Mrs. Chavers, the trial court granted her custody of the children.
Although Mr. Chavers has not raised the issue of mootness, this court has the authority to consider, ex proprio motu, the possibility thereof. Behler v. Louisiana State Racing Commission, 251 La. 959, 207 So.2d 758 (1968); Major v. Louisiana Department of Highways, 327 So.2d 515 (La. App. 1st Cir. 1976).
Our Supreme Court has consistently defined a "moot" case as one which seeks a judgment or decree which, when rendered, can give no practical relief. Robin v. Concerned Citizens for Better Education in St. Bernard, Inc., 384 So.2d 405 (La.1980).
Appellate courts do not give opinions on moot questions or abstract propositions from which no practical results will be derived, Behler, supra, and therefore, moot questions will not be considered on appeal. State ex rel. Guste v. Louisiana Milk Commission, 297 So.2d 750 (La.App. 1st Cir. 1974); La.C.C.P. art. 2164.
Obviously, the subsequent judgment of the trial court granting to appellant the custody of the children renders the issue presented by this appeal no longer viable and therefore, moot.
The appeal of Viola P. Chavers is therefore dismissed at her costs.
APPEAL DISMISSED.