Dear Mr. Fowler:
You have asked for a clarification of a statement made in a recent Attorney General's Opinion issued to your office regarding the rights of convicted felons, who have completed their sentences, to register to vote in this state.
Specifically, in Attorney General's Opinion 98-16 (as amended by Attorney General's Opinion 98-16A), the statement was made "that the voting rights of a convicted felon may only be restored by a governor's pardon that expressly reinstates such privileges." This was based on two prior Attorney General's Opinions, No. 86-804 and 97-85. Your question is how this statement comports with the language of Article I, § 20 of the 1974 Constitution.
Article I, § 20 of the Constitution provides, in pertinent part, that "full rights of citizenship shall be restored upon termination of state and federal supervision following conviction for any offense." Prior to the drafting of the 1974 state constitution, there was no law that automatically restored the right to vote, even if the convicted felon had completed his sentence and supervision.
The only authority in the constitution dealing with the right of the state to deny voting rights is that contained in Article I, § 10. It provides, in part, that "the right to register and vote . . . may be suspended while a person is . . . under an order of imprisonment for conviction of a felony." La. R.S. 18:102, which denies the right to register and vote to any person under an order of imprisonment was enacted by the legislature in response to the case of Fox v. MunicipalDemocratic Executive Committee, 328 So.2d 171 (La.App. 2 Cir. 1976). This case held that the constitutional provision was not self-operative. La. R.S. 18:2(2) was subsequently enacted in 1976 and amended in 1977, to provide a definition of the phrase "order of imprisonment", which includes probation, suspension or parole. Once a convicted felon is no longer under an order of imprisonment, he is entitled to register and vote pursuant to the express language of La. R.S. 18:102. The application of these statutes to convicted felons was discussed in Attorney General's Opinions No. 98-16 an 98-16A.
Restoration of full rights of citizenship, which includes the right to register and vote, occurs upon termination of supervision. La. Const. (1974), Art. I, § 20. Neither Attorney General Opinion 86-804 nor 97-85 can be cited strictly for the proposition that "the voting rights of a convicted felon may only be restored by a governor's pardon that expressly reinstates such privileges." (emphasis added). Obtaining a governor's pardon would certainly restore those rights whether expressly provided for in the pardon or not, since it restores a person to the status of innocence. The constitution, however, expressly provides in Art. I, § 20, that this right is automatically restored upon termination of supervision. This has been defined by the legislature, in La. R.S. 18:2(2) to mean when the convicted felon is no longer imprisoned, or on probation, suspension or parole. A governor's pardon is not the only method of reinstating a convicted felons right to vote.
Opinion No. 83-790, which you reference in your request, does hold for the proposition that a convicted felon who completed his term of imprisonment prior to the effective date of the 1974 Constitution (January 1, 1975), would require a full pardon from the governor prior to his being able to vote. For those who have completed their sentences after that date, the restoration of all rights and privileges of Article I, § 20 of the Constitution apply. It is therefor the opinion of this office that a convicted felon who has completed his term of imprisonment after January 1, 1975, and has been reinvested with full rights of citizenship by the constitution, there being no statute that further limits his right to register to vote, is entitled to register and participate in the exercise of his franchise. To the extent that Opinion Nos. 98-16 and 98-16A are inconsistent with this opinion, they are recalled.
We hope this has been responsive to your request. Should you have any further comments or questions, please contact the undersigned at your convenience.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 By: __________________________ ROBERT B. BARBOR Assistant Attorney General
RPI:RBB:glb