735 So.2d 685 (1999)
Mona Lisa DEAL
v.
HOUSING AUTHORITY OF NEW ORLEANS.
No. 98-CA-1530
Court of Appeal of Louisiana, Fourth Circuit.
February 17, 1999.
Writ Denied June 18, 1999.
*686 Marian M. Hamilton, Staff Attorney, Housing Authority of New Orleans, New Orleans, Louisiana, Counsel for Defendant/Appellant.
William H. Eckert, Albert D. Giraud, Metairie, Louisiana, Counsel for Third Party Defendants/Appellees.
Court composed of Judge MIRIAM G. WALTZER, Judge JAMES F. McKAY III, Judge Pro Tempore JAMES C. GULOTTA.
JAMES C. GULOTTA, Judge Pro Tempore.
The Housing Authority of New Orleans appealed the dismissal of its third party demand against Ventana Property Management, Inc., formerly known as C.J. Brown Property Management, Inc., on a motion for summary judgment. Because the judgment dismissed the third party defendants but not the entire action, this Court in oral argument questioned whether the judgment was appealable under La. C.C.P. art. 1915 as amended by Acts 1997, No. 483, §2 (effective July 1, 1997).
After considering Act 483 and jurisprudence interpreting La. C.C.P. art. 1915, we hold that the judgment issued by the trial court is a non-appealable summary judgment. Accordingly, we dismiss the appeal and remand this matter to the trial court for further proceedings.

Statement of the Case
Mona Lisa Deal sued HANO for damages allegedly sustained on July 20, 1993 when she slipped and fell on stairs in the Magnolia Housing Development. The property is allegedly owned by HANO.
HANO filed a third party demand against Ventana, f/k/a C.J. Brown (referred to herein as C.J. Brown), and Scottsdale Insurance Company. HANO alleged that a property management contract between HANO and C.J. Brown was in effect on the date of Deal's injury, that C.J. Brown was responsible for day to day maintenance of the property, and that C.J. Brown was therefore liable for Deal's damages.
Ventana, C.J. Brown, and Scottsdale moved for summary judgment. The trial judge granted the summary judgment and dismissed HANO's third party demand without written reasons on February 26, 1998. The judgment was not designated as a final judgment by the trial judge, and the record does not show that the parties specifically agreed the judgment was final for purposes of the appeal. The principal demand against HANO was not dismissed.
Under La. C.C.P. art. 1915(A)(1), a final judgment may be rendered and signed by the court, even though it may not grant all *687 of the relief prayed for or may not adjudicate all of the issues in the case, when the court "(d)ismisses the suit as to less than all of the parties, defendants, third party plaintiffs, third party defendants, or intervenors." La. C.C.P. art. 1915(B)(1) provides that when a court renders a partial judgment or partial summary judgment as to one or more but less than all of the parties, whether in an original demand, reconventional demand, cross-claim, third party claim, or intervention,
the judgment shall not constitute a final judgment unless specifically agreed to by the parties or unless designated as a final judgment by the court after an express determination that there is no just reason for delay.
La. C.C.P. art. 1915(B)(2) dictates:
In the absence of such a determination and designation, any order or decision which adjudicates fewer than all claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties and shall not constitute a final judgment for the purpose of an immediate appeal. Any such order or decision issued may be revised at any time prior to rendition of the judgment adjudicating all the claims and the rights and liabilities of all the parties.
In its supplemental brief to this Court, C.J. Brown urged this Court to consider the merits of the appeal because HANO and C.J. Brown agreed in accordance with La. C.C.P. art. 1915(B)(1) that the judgment constituted a final judgment. C.J. Brown submits that the parties manifested their agreement by filing a motion for order of appeal, drafting and filing of appellate briefs, and participating in oral argument. C.J. Brown points out that La. C.C.P. art. 1915 does not prescribe a procedure for such an agreement by the parties.
HANO submitted in its supplemental brief that the judgment dismissing the third party defendants was not a final appealable judgment and that this Court lacks jurisdiction of HANO's appeal under the 1997 amendments to La. C.C.P. art. 1915.
The mere signing of the order of appeal does not satisfy the requirements under La. C.C.P. art. 1915(B) for designation of a judgment as final for an immediate appeal. Jackson v. America's Favorite Chicken Co., 98-0605 (La.App. 4 Cir. 2/3/99), 729 So.2d 1060.
Agreement of the parties under La. C.C.P. art. 1915 must be clear from the record, and certification or agreement to consider the partial judgment as final must be of record when the appeal is first filed. Id. Failing those requirements, the appeal from a partial judgment will be dismissed unless the judgment was rendered prior to or shortly after enactment of Act 483. Id.
In the instant case, the judgment was not designated as a final judgment by the trial judge. Moreover, the record does not contain an agreement by the parties in the trial court that the judgment was final for purposes of the appeal.
Under the circumstances, we are compelled to dismiss the appeal as a non-appealable summary judgment.
APPEAL DISMISSED.