HIGGINBOTHAM, J.
This appeal involves a constitutional challenge relating to implementing statutes that restrict the voting rights of convicted felons in Louisiana.
BACKGROUND
The pertinent constitutional provision at issue is found in Article 1, Section 10(A) of the 1974 Louisiana Constitution, providing:
Right to Vote. Every citizen of the state, upon reaching eighteen years of age, shall have the right to register and vote, except that this right may be suspended while a person is interdicted and judicially declared mentally incompetent or is under an order of imprisonment for conviction of a felony.
The text of Section 10(A) was adopted by the Louisiana Constitutional Convention on September 8, 1973, ratified by the people of Louisiana in an election held on April 20, 1974, and became effective on January 1, 1975. When the 1974 Constitution was adopted, the former provisions of the 1921 Constitution, that had permanently deprived persons of the right to vote *860 upon the conviction of a felony, were repealed.[1]
During the next few years, the Louisiana Legislature enacted an Election Code as authorized by La. Const. art. 11, sec. 1, to provide for the permanent registration of voters and the conduct of elections. The Code included relevant implementing statutes, La. R.S. 18:2(8) (as later re-designated pursuant to the statutory revision authority of the Louisiana State Law Institute) and La. R.S. 18:102(A)(1), that provide as follows:
La. R.S. 18:2. Definitions
As used in this Code, ...
(8) 'Under an order of imprisonment' means a sentence of confinement, whether or not suspended, whether or not the subject of the order has been placed on probation, with or without supervision, and whether or not the subject of the order has been paroled.
La. R.S. 18:102. Ineligible persons
A. No person shall be permitted to register or vote who is:
(1) Under an order of imprisonment, as defined in R.S. 18:2(8), for conviction of a felony; ...
It is the implementation of La. R.S. 18:102(A)(1) and La. R.S. 18:2(8) that is being challenged in this case, as an unconstitutional infringement on the right to vote that is guaranteed by La. Const. art. 1, sec. 10 (A). The constitutional challenge was brought by plaintiffs, a Louisiana-based nonprofit advocacy group known as the Voice of the Ex-Offender ("VOTE"), along with formerly incarcerated felons, Kenneth Johnson, Bruce Reilly, Dwight Anderson, Randy Tucker, Bill Vo, Huy Tran, Checo Yancy, and Ashanti Witherspoon. On July 1, 2016, plaintiffs filed a class action petition for declaratory judgment and injunctive relief against defendants, the State of Louisiana, the Governor of Louisiana, John Bel Edwards, and the Louisiana Secretary of State, Tom Schedler, who is Louisiana's chief elections officer. The State of Louisiana and Governor John Bel Edwards were dismissed as defendants after filing various exceptions, leaving Secretary Schedler, in his official capacity, as the sole defendant.
The petition alleged that the individual plaintiffs are all convicted felons on probation or parole, and that their fundamental right to vote, guaranteed by La. Const. art. 1, Sec. 10 (A), was being violated, in that they could not vote even though they were no longer actually imprisoned. Plaintiffs also claimed that thousands of Louisiana citizens in similar circumstances are being illegally disenfranchised by the unconstitutional restrictions contained in Louisiana's implementing statutes, La. R.S. 18:2(8) and La. R.S. 18:102(A)(1). Thus, in addition to declaratory and injunctive relief, plaintiffs' petition requested that the trial court certify a class of similarly situated convicted felons.
On September 29, 2016, Secretary Schedler filed a motion for summary judgment, relying on the transcripts of the 1973 Constitutional Convention for support of the fact that the definition of the phrase "under an order of imprisonment for conviction of a felony," as it is used in La. Const. art. 1, sec. 10 (A), was intended to include persons on probation and parole, and therefore, the implementing statutes did not unconstitutionally restrict the voting rights of convicted felons. On the same day, plaintiffs also filed a motion for class certification. The trial court dealt with the class certification issue first and, after a hearing, the trial court signed a judgment *861 denying class certification on November 15, 2016. No appeal was taken from that interlocutory judgment.[2]
On January 13, 2017, plaintiffs filed a cross-motion for summary judgment and submitted an affidavit by the founder of VOTE in support of their motion, seeking a declaration claiming that they are being unconstitutionally disenfranchised of their fundamental right to vote. A hearing on the cross-motions for summary judgment was held on March 13, 2017. In their cross-motions, plaintiffs and Secretary Schedler agreed that there are no material issues of fact in dispute, and that only an issue of law regarding the constitutionality of the implementing statutes was at issue. In an amended judgment signed by the trial court on August 23, 2017, the trial court denied plaintiffs' motion, granted Secretary Schedler's motion, and expressly dismissed plaintiffs' claims with prejudice, ruling that "under an order of imprisonment" is always there for convicted felons on probation or parole and the plain language of the constitution and the implementing statutes prohibits plaintiffs from voting.[3]
The plaintiffs appealed, urging three assignments of error that: (1) the trial court erred in failing to discern the plain meaning of La. Const. art. 1, sec. 10 (A) and harmonizing that provision with La. Const. art. 1, sec. 20 ; (2) the trial court erred in failing to find that La. R.S. 18:2(8) and La. R.S. 18:102(A)(1) are unconstitutional because they fail the strict scrutiny test and unconstitutionally infringe on the fundamental right to vote; and (3) the trial court erred in failing to certify the class or hear evidence in support of class certification.
In addition to the parties' briefs, several motions for leave to file amicus curiae briefs were filed in this court. In accordance with Uniform Rules-Courts of Appeal, Rule 2-12.11, this court granted leave allowing for the following amicus curiae briefs to be filed by: (1) the Louisiana Attorney General, Jeff Landry, in support of defendant; (2) the NAACP Legal Defense *862 & Educational Funds, Inc., the Sentencing Project, & the Southern Poverty Law Center in support of plaintiffs; (3) the Louisiana Constitutional Law and History Scholars in support of plaintiffs; (4) the American Probation and Parole Association in support of plaintiffs; and (5) the Historians, Walter C. Stern, et al, in support of plaintiffs. We have considered the amicus curiae briefs only to the extent that they covered issues actually raised by the parties on appeal. See Barfield v. Bolotte, 2015-0847 (La. App. 1st Cir. 12/23/15), 185 So.3d 781, 784, writ denied, 2016-0307 (La. 5/13/16), 191 So.3d 1058.
LAW AND ANALYSIS
The facts of this case are not in dispute; thus, we are faced with the resolution of a purely legal issue. On legal issues, an appellate court gives no special weight to the findings of the trial court, but instead exercises its constitutional duty to review questions of law and render a judgment on the record. City of Baker School Bd. v. East Baton Rouge Parish School Bd., 99-2505 (La. App. 1st Cir. 2/18/00), 754 So.2d 291, 292-93. Appellate review of questions of law is simply to determine whether the trial court was legally correct. LaCombe v. McKeithen, 2004-1880 (La. App. 1st Cir. 8/30/04), 887 So.2d 48, 51, writ denied, 2004-2240 (La. 9/2/04), 882 So.2d 588.
The burden of proving that an act of the legislature is unconstitutional is on the party attacking the act. Caddo-Shreveport Sales and Use Tax Com'n v. Office of Motor Vehicles through the Dept. of Public Safety and Corrections, 97-2233 (La. 4/14/98), 710 So.2d 776, 779. When a constitutional challenge is made, the question is whether the constitution limits the legislature, either expressly or impliedly, from enacting the statute at issue. Id., at 780. When a statute conflicts with a constitutional provision, the statute must fall. Id. The burden on plaintiffs in this case is heavy. It is not enough to show that the statutes' constitutionality is fairly debatable; it must be shown clearly and convincingly that it was the constitutional aim to deny the legislature the power to enact the statute. Hite v. Larpenter, 2004-1821 (La. App. 1st Cir. 9/23/05), 923 So.2d 140, 145, writ denied, 2005-2255 (La. 3/10/06), 925 So.2d 511.
When deciding whether a particular legislative enactment is unconstitutional, the Louisiana Supreme Court has stated that it is not the court's duty to determine the wisdom behind the enactment of the legislation. M.J. Farms, Ltd. v. Exxon Mobil Corp., 2007-2371 (La. 7/1/08), 998 So.2d 16, 34. So-called "policy considerations" are not relevant to the decision, as such considerations are more appropriately presented to the legislature, in the first instance, when the pros and cons of a proposed law are being debated. Id. It is well settled that statutes are presumed constitutional unless fundamental rights, privileges, and immunities are involved. Caddo-Shreveport Sales, 710 So.2d at 779.
In seeking to discover constitutional intent, we are guided by many of the same rules followed in interpreting laws. Caddo-Shreveport Sales, 710 So.2d at 780. When a constitutional provision is clear and unambiguous, and its application does not lead to absurd consequences, it must be interpreted as written without further interpretation in search of its intent. See La. Civ. Code art. 9. When a provision is susceptible of different meanings, it must be interpreted as having the meaning that best conforms to the purpose of the law. See La. Civ. Code art. 10.
The United States Supreme Court has long held that convicted felons may be excluded from the right to vote.
*863 Richard son v. Ramirez, 418 U.S. 24, 54, 94 S.Ct. 2655, 41 L.Ed.2d 551 (1974). In La. Const. art. 1, sec. 10 (A), the meaning of "under an order of imprisonment" is certain. A convicted felon serving their term of probation or parole is clearly under an order of imprisonment. This is the only interpretation consistent with the purpose of the law. The fact that a convicted felon is not in prison is irrelevant. Convicted felons on parole and/or probation are still in a "custodial" setting under an order of imprisonment, as they are still serving a portion of a criminal sentence. State v. Draughter, 2013-0914 (La. 12/10/13), 130 So.3d 855, 867. While voting is a fundamental right under the Louisiana Constitution, the Louisiana Constitution specifically limits the fundamental right to vote while convicted felons are under an order of imprisonment. Moreover, even if we were to apply a strict scrutiny analysis as plaintiffs would have this court conduct, there is no question that the State has a compelling interest in protecting the integrity of voter registration rolls and in regulating convicted felons still under the State's supervision. Any further debate on the issue is a policy matter best left for the legislature, which has already made its intent clear on this matter when it enacted the implementing statutes, La. R.S. 18:2(8) and La. R.S. 18:102(A)(1).
Additionally, we find no merit to plaintiffs' argument that there is some conflict between La. Const. art. 1, sec. 10 (A) and La. Const. art. 1, sec. 20, which allows for restoration of the full rights of citizenship upon termination of state and federal supervision following a conviction for any offense. Under general principles of constitutional construction, a more detailed provision prevails over a more general provision addressing the same subject matter, and the latest expression of the will of the people prevails over previously enacted conflicting provisions. See Malone v. Shyne, 2006-2190 (La. 9/13/06), 937 So.2d 343, 352. To the extent that Article 1, Section 20, may be construed to conflict with Article 1, Section 10(A), the latter, a more recent and more specific provision, prevails.[4] State ex rel. Moreau v. Castillo, 2007-1865 (La. App. 1st Cir. 9/24/07), 971 So.2d 1081, 1083, writ denied, 2007-1900 (La. 9/28/07), 964 So.2d 349, cert. denied, 552 U.S. 1110, 128 S.Ct. 896, 169 L.Ed.2d 748 (2008).
As for plaintiffs' final assignment of error concerning the failure of the trial court to certify the class as requested, we find that the decision on the merits of the dispositive cross-motions for summary judgment rendered all class certification issues moot. See Clark v. Shackelford Farms Partnership, 38,749 (La. App. 2d Cir. 8/18/04), 880 So.2d 225, 228. A "moot" case is one that seeks a judgment or decree which, when rendered, can give no practical relief. Chavers v. Chavers, 411 So.2d 490, 491 (La. App. 1st Cir. 1982). Appellate courts do not give opinions on moot questions or abstract propositions from which no practical results will be derived. Id. Obviously, our decision to affirm the trial court's judgment dismissing plaintiffs' claims renders the issue of class certification no longer viable and therefore, moot.
CONCLUSION
Plaintiffs failed to meet their heavy burden of proving that the implementing statutes are unconstitutional. The plain and unambiguous language of La. Const. art. 1, sec. 10 (A) is clear that a convicted felon "under an order of imprisonment" includes time spent on probation and parole. The *864 trial court was therefore correct to rule in favor of Secretary Schedler and against plaintiffs on their cross-motions for summary judgment. Plaintiffs' understanding of the constitutional phrase as meaning only physical imprisonment would lead to absurd results, because it disregards that a person can legally be under an order of imprisonment without being physically in prison. For all these reasons, the trial court's judgment is affirmed. All costs of this appeal are assessed to plaintiffs-appellants.
APPEAL MAINTAINED; JUDGMENT AFFIRMED.
Holdridge J. agrees in part & dissents in part
HOLDRIDGE, J., agreeing in part and dissenting in part
I agree in part and dissent in part and would remand for further proceedings. I agree with the trial court that a partial summary judgment should issue holding that under Article 1, Section 10(A) of the Louisiana Constitution and La. R.S. 18:2(8), a person who is convicted of a felony and sentenced to a term of imprisonment is "under an order of imprisonment" even after he is paroled. Therefore, that person does not have the right to register to vote or vote in accordance with La. R.S. 18:102(A)(1).
However, I disagree that the state carried its burden of proving that there are no genuine issues of material fact and that as a matter of law La. R.S. 18:2(8) is constitutional and does not conflict with Article 1 Section 10(A) of the Constitution as to defendants on probation. I would deny the summary judgment in part and remand to the trial court for a trial to determine whether, under a suspended sentence, does the "order of imprisonment" begin when the sentence is imposed and the defendant is placed on probation or does the "order of imprisonment" begin when the defendant's probation is revoked and the trial court sentences the defendant to a prison term for violating his probation. Additionally, if, after the probation revocation hearing, the defendant is sentenced to a term of imprisonment for violating his probation less than the suspended sentence originally given by the trial court, are his voting rights restored after serving the lesser sentence of imprisonment or is voting prohibited until the end of the original suspended sentence?
For these reasons, and due to the fact that a person's voting privilege is a fundamental right, I would remand this matter for a full evidentiary trial to determine if there is any conflict between Article 1, Section 10(A) of the Louisiana Constitution and La. R.S. 18:2(8) as applied to defendants on probation under a suspended sentence.

See Fox v. Municipal Democratic Executive Committee of City of Monroe, 328 So.2d 171, 174 (La. App. 2d Cir.) (per curiam), cert. denied, 328 So.2d 893 (La. 1976).

When the trial court finds that the action should not be maintained as a class action, the action may continue between the named parties. See La. Code Civ. P. art. 592(A)(3)(c). The November 15, 2016 judgment denying class action status is an interlocutory judgment. An interlocutory judgment is appealable only when expressly provided by law. La. Code Civ. P. art. 2083(C). However, because La. Code Civ. P. art. 592(A)(3)(c) expressly provides jurisdiction to entertain an interlocutory appeal from the denial of a class certification, plaintiffs could have appealed at that time. See Davis v. Jazz Casino Co., L.L.C., 2003-0276 (La. 6/6/03), 849 So.2d 497, 498 (per curiam). Instead, in this case plaintiffs chose to take an unrestricted appeal from the final judgment rendered after the hearing on the cross-motions for summary judgment, thereby entitling plaintiffs to a review of all adverse interlocutory rulings prejudicial to them, in addition to the review of the correctness of the final judgment from which they have taken the appeal. See Sellers v. El Paso Indus. Energy, L.P., 2008-403 (La. App. 5th Cir. 2/10/09), 8 So.3d 723, 731. Furthermore, we find little justification for restricting a party's right to appeal class certification to the period immediately following the trial court's initial ruling thereon, since the trial court may alter, amend, or recall its initial ruling on certification at any time. See La. Code Civ. P. art. 592(A)(3)(d). See also Sutton Steel & Supply, Inc. v. BellSouth Mobility, Inc., 2007-146 (La. App. 3d Cir. 12/12/07), 971 So.2d 1257, 1263, writ denied, 2008-0094 (La. 3/14/08), 977 So.2d 931.

The amended judgment was filed into the appellate record on September 8, 2017, as a result of this court's show cause order noting that the original March 28, 2017 judgment lacked appropriate decretal language by failing to dismiss any party. Since the appellate record has now been supplemented with a valid final judgment that meets this court's decretal language criteria, we maintain this appeal. See Jenkins v. Recovery Technology Investors, 2002-1788 (La. App. 1st Cir. 6/27/03), 858 So.2d 598, 600.

We note that Section 10 was amended after Section 20 was enacted, and the specific wording of Section 10 (A) was not changed.