NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

18-702


GR RESTAURANTS, LLC

VERSUS

SUZANNE SAVOY SANTILLO, LLC,
AND SUZANNE SAVOY SANTILLO


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20180458, DIVISION G
HONORABLE LAURIE HULIN, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

JOHN E. CONERY

JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Billy H. Ezell, John E. Conery, and Van H. Kyzar, Judges.


RULE RECALLED IN PART.
APPEAL SUSPENDED.
REMANDED WITH INSTRUCTIONS.

Stephen C. Carleton
Carleton, Hebert, Whittenbrink &
Shoenfelt, LLC
445 North Boulevard, Suite 625
Baton Rouge, LA  70802
(225) 282-0602
Counsel for Defendants/Third-Party Plaintiffs/Plaintiffs in
Reconvention/Appellants:
    Suzanne Savoy Santillo, LLC
    Suzanne Savoy Santillo

**Robert D. Felder**
**Scott M. Richard**
**Davidson, Meaux, Sonnier, McElligott,**
**Fontenot, Gideon & Edwards, LLP**
**810 South Buchanan Street**
**Lafayette, LA  70502-2908**
**(337) 237-1660**
**Counsel for Plaintiff/Defendant in Reconvention/Appellee:**
     **GR Restaurants, LLC**

**James H. Gibson**
**Alan W. Stewart**
**Gibson Law Partners, LLC**
**2448 Johnston Street**
**Lafayette, LA  70503**
**(337) 761-6023**
**Counsel for Third-Party Defendants/Appellees:**
     **Scott L. Sternberg**
     **Sternberg, Naccari & White, LLC**

**James P. Lambert**
**James P. Lambert, A Professional Law Corporation**
**315 S. College Road, Suite 146**
**Lafayette, LA  70503**
**(337) 261-3737**
**Counsel for Defendants/Third-Party Plaintiffs/Plaintiffs in**
**Reconvention/Appellants:**
     **Suzanne Savoy Santillo, LLC**
     **Suzanne Savoy Santillo**

**CONERY, Judge.**

This court, on its own motion, issued a rule to Appellants, Suzanne Savoy Santillo, LLC, and Suzanne Savoy Santillo, to show cause why the appeal in the above captioned case should not be dismissed as having been taken from partial judgment that had not been designated as immediately appealable with respect to the dismissal of Appellants' reconventional demand. *See* La.Code Civ.P. art. 1915(B). Appellants were also ordered to show cause why the appeal should not be dismissed for having been taken from a judgment that lacks proper decretal language with respect to the dismissal of Appellants' third-party claims. *Oregan v. Cashio*, 15-612 (La.App. 5 Cir. 1/27/16), 185 So.3d 885.

For the reasons that follow, we recall the rule in part insofar as it questioned whether the dismissal of the reconventional demand requires a designation of finality. The appeal, however, is dismissed without prejudice and remanded to the trial court with instructions to issue a judgment containing proper decretal language regarding Appellants' third party demand. *See Gonzalez v. Jimmerson*, 17-972 (La.App. 3 Cir. 12/6/17), ___ So.3d ___, and *Mouton v. AAA Cooper Transportation*, 17-666 (La.App. 3 Cir. 1/10/18), 237 So.3d 594. According to *Simple Enterprises, Inc. v. Texas Property, L.L.C.*, 17-222, p. 1, (La.App. 3 Cir. 11/2/17), (an unpublished opinion), this record will "remain lodged in this court[,] and the final judgment on remand may be added to supplement this record," if accomplished within thirty days of this court's ruling.

On January 25, 2018, GR Restaurants, LLC (GR), filed suit against Appellants for detrimental reliance. It was alleged that Appellants promised to exchange their ownership in the Blue Dog Café in Lafayette for a profits interest in a new, re-formed entity that owned both Blue Dog Cafes in Lafayette and Lake Charles but then refused to abide by this agreement.

Appellants answered the suit, filed an exception of no cause of action, and filed reconventional and third-party demands that alleged abuse of process and violations of Louisiana's Unfair Trade Practices Act (LUTPA), La.R.S. 51-1401, et seq. GR was made defendant in reconvention. Jacques Rodrigue (Rodrigue); Scott L. Sternberg (Sternberg); and Sternberg, Naccari & White, LLC (the Sternberg firm), were made third-party defendants. Sternberg and his firm represented Rodrigue in this litigation, but after the third-party demand was filed, they withdrew from the representation, and Rodrigue hired another lawyer.

Sternberg and the Sternberg firm filed an exception of no cause of action with regard to the third-party demand. GR filed an exception of no cause of action with regard to the reconventional demand. Rodrigue did not file any exception.

These exceptions, including Appellants' exception of no cause of action, came for hearing on June 25, 2018. Appellants' exception was denied. GR's exception of no cause of action as to the reconventional demand was granted, and Sternberg and the Sternberg firm's exception of no cause of action to the third-party demand was granted.

The judgment reads (emphasis in original), in pertinent part, that:

> IT IS ORDERED, ADJUDGED, AND DECREED that Suzanne Savoy Santillo and Suzanne Savoy Santillo, LLC's Exception of No Cause of Action is hereby **DENIED**.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that GR Restaurants, LLC's Exception of No Cause of Action is **GRANTED**, hereby dismissing all reconventional demands of Suzanne Savoy Santillo and Suzanne Savoy Santillo, LLC[,] with prejudice.
>
> IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Scott L. Sternberg and Sternberg, Naccari & White, L[]L[]C[]'s Exception of No Cause of Action is **GRANTED** hereby dismissing all third-party claims of Suzanne Savoy Santillo and Suzanne Savoy Santillo, LLC[,] with prejudice.

2

Appellants filed a writ application, bearing docket number 18-637, regarding the denial of their exception of no cause of action to the main demand. The disposition of this writ application will remain pending until such time as the procedural issues involved in this appeal are resolved.

Appellants assert that because GR was completely dismissed as a defendant in reconvention and because Sternberg and the Sternberg firm are completely dismissed as third-party defendants, this judgment falls squarely within the ambit of La.Code Civ.P. art. 1915(A)(1) and does not require a designation of finality.

While the judgment completely dismissed the reconventional demand, it did not end the litigation since the principal demand remains. It initially appeared that this judgment was a partial judgment subject to the provisions of La.Code Civ.P. art. 1915(B) because it decided less than all of the claims between Appellants and GR. *See Holmes v. Paul*, 18-140 (La.App. 5 Cir. 8/29/18), ___ So.3d ___,[1] *Mayerhafer Construction, LLC v. Richoux-Buffone*, 01-791 (La.App. 5 Cir. 12/12/01), 808 So.2d 763, and *Deal v. Housing Authority of New Orleans*, 98-1530 (La.App. 4 Cir. 2/17/99), 735 So.2d 685, *writ denied*, 99-728 (La. 6/18/99). This court, however, has recently recalled a similar rule in *Hester v. Burns Builders*, 17-824 (La.App. 3 Cir. 11/29/17), an unpublished opinion, where the trial court granted a summary judgment (which it captioned as a "partial judgment") dismissing all of the plaintiff's claims against the defendant with prejudice. The defendant's reconventional demand was maintained. This court found that the judgment fell under 1915(A)(1) "because it dismisses Plaintiff from the lawsuit in his capacity as Plaintiff. This finding is not affected by the fact that [] Plaintiff

---

[1] The first circuit recognized "a potential conflict between the Circuit Courts of Appeal on this issue." *Holmes*, ___ So.3d at ___.

3

remains in the lawsuit in the capacity of [] Defendant-in-Reconvention." *Id*. at
___.

That portion of the judgment that dismisses two of the third-party defendants, Sternberg and the Sternberg firm, from the ligation falls under La.Code Civ.P. art. 1915(A) and requires no designation of finality. *See Holmes*, ___ So.3d ___.

In *Board of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll. v. Mid City Holdings, L.L.C.*, 14-506, pp. 2-3 (La.App. 4 Cir. 10/15/14), 151 So.3d 908, 910, the court stated:

> We cannot determine the merits of an appeal unless our jurisdiction is properly invoked by a valid final judgment. *See Input/Output Marine Sys., Inc. v. Wilson Greatbatch, Tech., Inc.*, 10-477, p. 12 (La.App. 5 Cir. 10/29/10); 52 So.3d 909, 915. "A judgment is the determination of the rights of the parties in an action and may award any relief to which the parties are entitled." La. C.C.P. art. 1841.
>
> . . . .
>
> . . . "The specific relief granted should be determinable from the judgment without reference to an extrinsic source such as pleadings or reasons for judgment." *Input/Output Marine*, 10-477, p. 13; 52 So.3d at 916.

With regard to the dismissal of Appellants' reconventional demand and third-party demands, however, the judgment does not contain sufficient decretal language. Neither portion of the judgment states which parties are dismissed. A judgment that maintains a peremptory exception, such as an exception of no cause of action, but fails to dismiss any party, lacks appropriate decretal language. *Voice of the Ex-Offender v. State*, 17-1141 (La.App. 1 Cir. 4/13/18), 249 So.3d 857.

Moreover, Rodrigue is a third party defendant, but he did not bring an exception or participate in the hearing. Rodrigue is a member of GR and signed the affidavit of verification accompanying the original petition. In response to the

4

rule, Appellants note that Rodrigue was never served with the third-party demand. The record does not reflect that Appellants have dismissed their claims against Rodrigue. Appellants also note that since the allegations against Rodrigue are the same as the allegations asserted against Sternberg and the Sternberg firm, they will stipulate that the granting of the exception applies to their claims against Rodrigue. The problem with this assertion is that it is not evident from the judgment. It requires reference to extrinsic sources.

Accordingly, this court finds that the judgment dismissing Appellants' third party demand lacks proper decretal language.

This court notes that GR, Sternberg, and the Sternberg firm have filed motions to disqualify Stephen Carleton from acting as counsel of record for Appellants. They allege that he is a witness in this case. A decision on this motion is pretermitted until such time as the procedural issues which are the subject of this rule are resolved. Since this court is dismissing the appeal, we have no appellate jurisdiction to decide the motion to disqualify at this time.

## DECREE

That portion of the rule regarding the dismissal of Appellants' reconventional demand is hereby recalled based on the finding that it falls under La.Code Civ.P. art. 1915(A) and does not require a designation of finality. With respect to that portion of the judgment dismissing Appellants' third-party demand, the appeal is suspended, and this matter is remanded to the trial court with instructions to sign a judgment containing proper decretal language specifying that Appellants' third-party demands against only Sternberg and the Sternberg firm are dismissed. This record will remain lodged in this court, and the final judgment on remand may be added to supplement this record, if accomplished within thirty days of this court's ruling.

The Clerk of Court for the Fifteenth Judicial District Court, Parish of Lafayette, shall forward the judgment so signed to this Court as a supplement to the appellate record.

**RULE RECALLED IN PART. APPEAL SUSPENDED. REMANDED WITH INSTRUCTIONS.**

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.
Rule 2-16.3 Uniform Rules, Courts of Appeal.