STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0405

CITY OF WALKER, CITY OF DENHAM SPRINGS, THE WILLIAMSON EYE
CENTER (APMC), TIMOTHY JOHN KINCHEN, AND
SHANNON FARRIS KINCHEN

VERSUS

STATE OF LOUISIANA THROUGH THE DEPARTMENT OF
TRANSPORTATION AND DEVELOPMENT, ET AL.

Judgment Rendered: ___DEC 1 9 2025___

* * * * *

ON APPEAL FROM THE
NINETEENTH JUDICIAL DISTRICT COURT, SECTION 26
IN AND FOR THE PARISH OF EAST BATON ROUGE
STATE OF LOUISIANA
DOCKET NUMBER 654278

THE HONORABLE RICHARD "CHIP" MOORE, JUDGE PRESIDING

* * * * *

Seth F. Lawrence
Albert Dale Clary
Alec B. Keane
Baton Rouge, Louisiana

Attorneys for Defendant-Appellant
G.E.C., Inc.

Joshua M. Palmintier
Michael C. Palmintier
Baton Rouge, Louisiana
Mitchell A. Toups
Beaumont, Texas
Joseph M. Bruno
New Orleans, Louisiana

Attorneys for Plaintiffs-Appellees
City of Walker, City of Denham
Springs, The Williamson Eye Center
(APMC), Timothy John Kinchen, and
Shannon Farris Kinchen

**BEFORE: MILLER, EDWARDS, AND FIELDS, JJ.**

**FIELDS, J.**

Defendant-appellant, G.E.C., Inc. (G.E.C.),[1] appeals a trial court judgment that reversed a previous judgment denying class certification. After the appeal was lodged, City of Walker, City of Denham Springs, The Williamson Eye Center (APMC), Timothy John Kinchen, and Shannon Farris Kinchen filed a motion to dismiss the appeal. For reasons that follow, we grant the motion to dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

The plaintiffs, City of Walker, City of Denham Springs, The Williamson Eye Center (APMC), Timothy John Kinchen, and Shannon Farris Kinchen, individually and on behalf of all others similarly situated, filed a class action petition for damages and injunctive relief on January 5, 2017, against the defendants, State of Louisiana through the Department of Transportation and Development, et al.[2] According to the petition, the plaintiffs sought injunctive relief and compensatory damages to rectify the allegedly wrongful conduct of the defendants in connection with the design and installation of a concrete median barrier along Interstate 12 ("I-12") as part of the "Geaux Wider" highway widening project through East Baton Rouge and Livingston Parishes. The plaintiffs averred that the concrete median barrier acts as a man-made flood wall that interrupts the natural flow of surface water. The plaintiffs further averred that in August 2016, the flood wall impounded rain waters north of I-12,

---

[1] It is alleged that G.E.C. is the only remaining defendant in the case.

[2] Other named defendants included: G.E.C., Inc.; Gilchrist Construction Co., LLC; Austin Bridge & Road Inc.; Boh Bros. Construction Co.; LLC; James Construction Group, L.L.C; Eustis Engineering, LLC, f/k/a Eustis Engineering Services, LLC; Modjeski & Masters, Inc.; Gulf Engineers and Consultants, Inc.; Volkert, Inc.; Barriere Construction Co., LLC; ABMB Engineers, Inc.; AECOM USA, Inc.; Evans-Graves Engineers, Inc.; GOTECH, Inc.; Geo Engineers, Inc.; APEX Engineering; SJB Group, LLC; PB Americas; FUGRO Consultants, Inc.; and Forte & Tablada, Inc. Plaintiffs alleged that the non-governmental defendants were all design-builders and/or designers, either by direct contract with the DOTD or through subcontractor agreements with other defendants.

2

which caused flooding and destruction throughout the Class Geography in East Baton Rouge and Livingston Parishes.

The plaintiffs set forth the following proposed classes: governmental entities, commercial businesses, and individuals "within East Baton Rouge and Livingston Parishes north of I-12 that would not have sustained damages as a result of inundation/flooding in this area during and immediately following the rain event on or about August 10, 2016, but for the alteration of natural surface water flow resultant of the 'Geaux Wider' project." The plaintiffs also set forth causes of action for negligence, strict liability, natural servitude of drain, creating a nuisance in violation of Louisiana law, and inverse condemnation. The plaintiffs alleged they sustained damages and special damages in the form of "loss of property (real and personal), immovable and movable; diminution of property value; loss of income; costs of relocation; loss of business opportunities and business interruption; evacuation expenses; and other special damages. . . ." On August 10, 2017, the plaintiffs filed their first amended class action petition to clarify the class member definition.[3] Thereafter, G.E.C. filed its answer and affirmative defenses.

The plaintiffs filed a motion for class certification on July 31, 2019. In the motion, the plaintiffs nominated the City of Walker, the City of Denham Springs, Timothy John Kinchen, Shannon Farris Kinchen, and the Williamson Eye Center (APMC) as class representatives. The plaintiffs set forth the proposed class as listed in the original petition. The plaintiffs asserted the proposed class is so numerous that joinder of all members is impracticable, alleging the putative class consists of thousands or possibly hundreds of thousands of members. The plaintiffs alleged questions such as "where the water came from, how high the water got, what caused the water impoundment, and how long the water remained before receding" are

---

[3] The clarification consisted of changing the words in paragraph 6.1 of the petition, which identified the proposed subclasses, from "but for" to "due to."

questions of law and fact that are common to the class, which predominate over any questions affecting individual members. The plaintiffs further alleged the proposed class representatives' claims are typical of the claims of the class as the claims arise from the same event or course of conduct that gave rise to the claims of the putative class. The plaintiffs asserted, "[t]he representative parties will fairly and adequately protect the interests of the class." The plaintiffs subsequently filed a first amended motion for class certification in which they withdrew the city of Denham Springs as a putative class representative. G.E.C. opposed the motion for class certification, asserting that the putative class members' claims against it are barred by the five-year peremptive period in La. R.S. 9:5607, and the plaintiffs failed to meet the requirements for class certification.

The parties also filed numerous motions and discovery requests. On November 29, 2023, the trial court heard the plaintiffs' motion for class certification. Thereafter, the trial court signed a judgment on April 23, 2024, denying the plaintiffs' motion for class certification.

Thereafter, the plaintiffs filed a motion for reconsideration/new trial, contending that because the class action was filed well within the peremptive period of La. R.S. 9:5607, none of the members' claims could, by law, be extinguished through peremption during the pendency of the action. The plaintiffs further argued the rights of all class members will remain unaffected until the conclusion of the litigation even though the peremptive period lapsed. G.E.C. opposed the motion for reconsideration/new trial. Following a hearing, the trial court signed a judgment on October 28, 2024, reversing its April 23, 2024 ruling denying class certification and finding the filing of the plaintiff's petition effectively exercised the rights of all putative class members pursuant to La. Code Civ. P. art. 591. G.E.C. appeals that judgment.

4

On appeal, G.E.C. argues the trial court erred by not applying the peremptive period contained in La. R.S. 9:5607 to the putative class members' claims against it, thereby finding the plaintiffs established numerosity for the class certification; by reversing its previous judgment and finding that the named plaintiffs interrupted/suspended peremption for all putative class members when the named plaintiffs filed the original petition; and by finding the plaintiffs met the requirements of La. Code Civ. P. art. 591(A)(1)-(5) to certify the class, "that common issues predominated over individual issues, and that the class action procedure was a superior method in adjudicating the claims of the proposed class based on the evidence introduced at the Class Certification Hearing." The plaintiffs filed a motion to dismiss the appeal, contending that the October 28, 2024 judgment is not an appealable judgment.

## MOTION TO DISMISS

A judgment certifying or denying a motion to certify an action as a class action is an interlocutory judgment. See **Davis v. Jazz Casino Company, L.L.C.**, 2003-0276, 2003-1223 (La. 6/6/03), 849 So.2d 497, 498 (*per curiam*); **Voice of Ex-Offender v. State**, 2017-1141 (La. App. 1st Cir. 4/13/18), 249 So.3d 857, 861 n.2., writ denied, 2018-0945 (La. 10/29/18), 255 So.3d 575. Interlocutory judgments are appealable only when expressly provided by law. La. Code Civ. P. art. 2083(C). Louisiana Code of Civil Procedure article 592(A)(3)(c) expressly provides that an appeal may be taken as a matter of right from an order or judgment pertaining to the certification of a class action. **Krielow v. Louisiana Department of Agriculture and Forestry**, 2019-1696, 2019-1277 (La. App. 1st Cir. 12/30/20), 317 So.3d 699, 704.

The plaintiffs assert the October 28, 2024 judgment lacks the appropriate decretal language in that the judgment appears to reverse the judgment that denied class certification, but it failed to certify the class. The plaintiffs, therefore, contend

that because the ruling neither maintains nor denies class certification, G.E.C. has no right to appeal the ruling, and this court lacks jurisdiction to hear this appeal. The plaintiffs note that La. Code Civ. P. art. 1918 directs that final judgments shall be remanded for amendment to cure jurisdictional defects but assert that Article 1918 does not apply to the judgment at issue because it is not a final judgment. It is an interlocutory judgment. The plaintiffs argue that this court is limited to dismissing the appeal and permitting the trial court to rule on the motion to certify.

G.E.C. opposes the motion to dismiss the appeal, relying on this court's decision in **Krielow**, 317 So.3d at 704. G.E.C. asserts that applying the proper interpretation of La. Code Civ. P. art. 592, as recognized in **Krielow**, to the procedural posture of this case, this court has appellate jurisdiction to consider the appeal. G.E.C. explains that the trial court issued its April 23, 2024 judgment denying the class certification, after which the plaintiffs filed a motion for reconsideration, requesting the trial court change its initial class certification determination. G.E.C. asserts the trial court's reversal of the April 23, 2024 judgment was a determination that the class action should be maintained. Thus, G.E.C. argues the trial court's reconsideration judgment is an appealable, interlocutory judgment pursuant to La. Code Civ. P. art. 592. G.E.C. further argues that federal caselaw supports this court's appellate jurisdiction.

The decretal language requirements applicable to final judgments do not apply to interlocutory judgments. See **Russell v. Cantrelle**, 2019-0284 (La. App. 1st Cir. 2/21/20), 2020 WL 859515, *2 n.7 (unpublished). Nevertheless, a valid judgment must be precise, definite, and certain. **Bond v. Louisiana Purchase Equestrian Estates LLC**, 2019-0957 (La. App. 1st Cir. 2/21/20), 299 So.3d 120, 124. The specific relief granted should be determinable from the judgment without reference to other documents in the record or extrinsic sources. **Theriot v. Thibodeaux**, 2024-0734 (La. App. 1st Cir. 12/27/24), 403 So.3d 1122, 1125.

6

The pertinent subparagraphs of La. Code Civ. P. art. 592(A)(3), which are applicable to class actions with regard to appeals, provides as follows:

> (c) If the court finds that the action should be maintained as a class action, it shall certify the action accordingly. If the court finds that the action should not be maintained as a class action, the action may continue between the named parties. In either event, the court shall give in writing its findings of fact and reasons for judgment provided a request is made not later than ten days after notice of the order or judgment. A suspensive or devolutive appeal, as provided in Article 2081 et seq., may be taken as a matter of right from an order or judgment provided for herein.

> (d) In the process of class certification, or at any time thereafter before a decision on the merits of the common issues, the court may alter, amend, or recall its initial ruling on certification and may enlarge, restrict, or otherwise redefine the constituency of the class or the issues to be maintained in the class action.

In **Krielow**, this court denied the plaintiffs' motion to dismiss the defendant's suspensive appeal of the modification of the class definition from three years to over twenty years. This court noted the modification was a significant and material alteration and expansion of the previously approved class certification. **Krielow**, 317 So.3d at 706. This court found La. Code Civ. P. art. 592(A)(3)(c) and (3)(d) should be read together in their entirety as opposed to in insolation. **Id.** at 705. This court ultimately found that judgments altering, amending, or recalling its initial ruling on certification pursuant to La. Code Civ. P. art. 592(A)(3)(d) are appealable judgments. **Id.** at 705-06. This court determined that there is little justification for restricting a party's right to appeal class certification to the period immediately following the trial court's initial ruling. **Id.** at 705-06. G.E.C.'s reliance on **Krielow** is misplaced in that the October 28, 2024 judgment did not modify, amend, or redefine the constituency of the class. Instead, the judgment reversed a previous judgment denying class certification.

In **Anderson v. City of New Orleans**, 2016-1013 (La. App. 4th Cir. 6/14/17), 222 So.3d 800, 804, the Fourth Circuit found the judgment certifying the class action failed to designate the class, and therefore, the judgment lacked the decretal language

7

necessary to render the judgment a final and appealable judgment. The judgment at issue stated, "**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this Court hereby **GRANTS** the request for class certification, finding that all of the requirements provided for in established jurisprudence and Article 591(A)(1) through (5) of the Louisiana Code of Civil Procedure have been satisfied." **Anderson**, 222 So.3d at 805. There, the court noted the judgment did not define the class, and thus, the judgment failed to meet the requirement that it be precise, definite, or certain. The court further noted "there [was] no manner by which to determine how the class is defined without looking at extrinsic sources." **Id.**

In **Anderson**, the court pointed out that even if it examined the trial court's reasons for judgment, it could not find an express or specific class definition. The court found that where the trial court does not definitively and specifically identify the class, the objectives of the class action proceeding cannot be met. Therefore, "[a]bsent a clear class action definition by the trial court, a judgment cannot be reviewed on appeal." The court vacated the trial court judgment and remanded the case for further proceedings. **Id.** at 806.

In the instant case, the trial court's October 28, 2024 judgment states as follows:

> **IT IS HEREBY ORDERED, DECREED AND ADJUDGED**
> that the ruling on April 23, 2024 denying class-certification be, and the same is hereby, **REVERSED**, the court finding that the filing of Plaintiffs' Petition effectively exercised the rights of all putative class-members pursuant to [La. Code Civ. P. art. 591].

The October 28, 2024 judgment is deficient in that the judgment does not certify a class, nor does the judgment deny a request for class certification. Instead, the judgment reversed its previous judgment denying the motion to certify the class action and found that the filing of the plaintiffs' petition effectively exercised the rights of all putative class members pursuant to La. Code Civ. P. art. 591. It is unclear from the judgment whether the court is certifying a class. Thus, the judgment fails

8

to meet the requirement that it be precise, definite, and certain. Furthermore, this court should be able to determine the specific relief granted from the judgment without examining other documents in the record or extrinsic sources. See **Theriot**, 403 So.3d at 1125.

Moreover, because it is not a final judgment, we are not authorized to remand the judgment to the trial court to amend the judgment to include the appropriate language. See La. Code Civ. P. art. 1918(A) ("If appealed, a final judgment that does not contain the appropriate decretal language shall be remanded to the trial court, which shall amend the judgment in accordance with Article 1951 within the time set by the appellate court."). Furthermore, it would be futile to convert this appeal to an application for supervisory writ because the judgment does not actually certify a class. For these reasons, we grant the plaintiffs' motion to dismiss the appeal.

## CONCLUSION

For the foregoing reasons, we grant the motion to dismiss the appeal filed by City of Walker, City of Denham Springs, The Williamson Eye Center (APMC), Timothy Kinchen, and Shannon Farris Kinchen and dismiss the appeal of the October 28, 2024 judgment filed by G.E.C., Inc. All costs of this appeal are assessed to G.E.C., Inc.

**MOTION TO DISMISS GRANTED; APPEAL DISMISSED.**

9